BRUNSON v. BALLOU.

1. **Statute of Limitations:** COLLATERAL SECURITY: ACTION FOR MONEY COLLECTED ON. Where a receipt is given for a promissory note taken as collateral security, an action against the receiptor, to recover the excess of the amount collected on such note over the amount of the debt secured, is based upon an implied contract to pay such sum to the person who deposited the note, and not upon the receipt therefor; and such action accrues upon the collection of the excess, and is barred in five years after it accrues.

2. ——: ——: ——: FRAUD. The retention of money collected upon collaterial security in excess of the debt secured is only a breach of contract, and not a fraud; and the failure to discover it will not prevent the running of the statute of limitations, under § 2530 of the Code, against an action to recover the money.

3. ——: WHEN IT BEGINS TO RUN: FRAUD: WHAT IS: PLEADING. When one against whom a cause of action has accrued by fraud or fraudulent concealment prevents the one in whose favor it exists from obtaining knowledge thereof, the limitation of the statute begins to run only from the time the right of action is discovered, or might by the use of reasonable diligence have been discovered. (*Dist. Twp. of Boomer v. French*, 40 Iowa, 601.) But an allegation that the defendant "tried to conceal, and did conceal," from the plaintiff the facts constituting the cause of action, does not bring the case within the rule, where there is no allegation that the concealment was effected by any artifice or false statement, or where the ultimate fact of fraud is not pleaded.

*Appeal from Buena Vista Circuit Court.*

TUESDAY, OCTOBER 26.

ACTION at law for the recovery of an alleged balance collected by defendant on a promissory note indorsed to him by plaintiff's assignor as collateral security. The circuit court sustained a demurrer to the petition, and, plaintiff refusing to amend, judgment was entered against him, and he appeals.

*Sweeley & Slocumb*, for appellant.

*Robinson & Milchrist*, for appellee.

Brunson v. Ballou.

REED, J.—It is alleged in the petition that John T. Wright, plaintiff's assignor, executed to defendant his promissory note for $400, and as collateral security therefor assigned to him a promissory note, executed by one Alfred Pierce, for $775, and that defendant afterwards collected the whole amount due upon said collateral note, and that he had converted to his own use the amount thereof in excess of the debt from Wright to him. It is alleged that defendant, when said note was assigned to him, executed his receipt in writing therefor, a copy of which is set out in the petition. This writing acknowledges the receipt by defendant of the Pierce note, and contains a description of the note, and a statement that it was received as security for the $400 note executed to defendant by Wright. It is also averred that defendant collected the money due on the Pierce note on the third of February, 1880. The petition contains the following allegation: "That in collecting the amount due on said note of Alfred Pierce, and converting to his own use the balance of the proceeds thereof remaining after discharging and satisfying the note of said Wright, the defendant committed a fraud upon the rights of the said Wright and this plaintiff, and that neither said Wright nor plaintiff discovered said fraud until the thirtieth of June, 1880, and that defendant tried to conceal, and did conceal, from said Wright and plaintiff the fact of such settlement with Pierce, from the date thereof until the thirtieth of June, 1880." This action was commenced on the twelfth day of July, 1885, but it is alleged that in May, 1885, the plaintiff commenced an action against defendant on the same cause of action, and that on the twelfth day of July, by leave of the court, and not on account of any negligence by plaintiff in its prosecution, he dismissed said action, without prejudice to a future action, and on the same day commenced the present suit. The ground of the demurrer was that the cause of action stated in the petition was barred by the statute of limitations.

I.   It is contended by counsel for the appellant that the

Brunson v. Ballou.

action is founded on the written receipt of defendant, which
is set out in the petition, and that therefore the
action, under the provision of subdivision 5, §
2529, of the Code, may be brought at any time
within ten years after the cause thereof accrued.
As stated above, the writing was a mere acknowledgment by
defendant of the receipt by him of the note, and the purpose
for which it was received. It contains no promise or agree-
ment by defendant to account for or pay over the money
which he might collect thereon in excess of the debt from
Wright to him. He was certainly bound to account for the
amount of this excess. But this obligation arose, by impli-
cation of law, from the nature of the transaction between the
parties. He received the note as a security for his debt, and
he had the right to collect the amount due upon it. But, as
the object which the parties had in view when they entered
into the transaction was fully accomplished when the debt
was satisfied, he ought in justice to account for the balance
of the money, and the law implies a promise by him to
do this. The action is for the enforcement of this implied
agreement. The writing is evidence of some of the facts
out of which the implication arises, but it is not evidence of
the promise. The action, then, is founded on the implied
contract, and, under the fourth subdivision of section 2529,
is barred in five years after the cause thereof accrued, which
was when defendant received the money; for the obligation
to pay it over arose at once when he received it, and an
action for its recovery might have been commenced at any
time after that.

II. Section 2530 of the Code is as follows: "In actions
for relief on the ground of fraud   *   *   *   the
cause of action shall not be deemed to have
accrued until the fraud   *   *   *   com-
plained of shall have been discovered by the party aggrieved."
This action is not governed by that provision. The collection
of the money by defendant was not a fraud upon the rights of

plaintiff, or his assignor. In making the collection he was but carrying out one of the objects which the parties had in view when the note was assigned to him. The wrong of which he is guilty was in his failure to pay over the amount collected in excess of that necessary for the satisfaction of his debt. This, however, was a mere breach of contract, and was not in any legal sense a fraud upon the rights of the other party. The allegation in the petition that the collection and appropriation of the money was a fraud upon the rights of plaintiff and said Wright, is therefore quite immaterial. The character of the act which constitutes the ground of plaintiff's action is determined from the facts alleged, and not from his characterization of it in his pleading. The action, as we have seen, is for the enforcement of the implied promise by defendant to account for and pay over the money collected in excess of the amount of his debt.

III. It was held in *District Township of Boomer v. French*, 40 Iowa, 601, following the English rule on the sub-

3. ——: when it begins to run: fraud: what is: pleading.

ject, that when one against whom a cause of action has accrued by fraud or fraudulent concealment prevents the one in whose favor it exists from obtaining knowledge thereof, the limitation of the statute only begins to run from the time the right of action was discovered, or might by the use of diligence have been discovered. The allegation in the petition, that defendant " tried to conceal, and did conceal, from said Wright and this plaintiff the fact of such settlement with said Pierce, from the date thereof until the thirtieth of June, 1880," does not bring the case within this rule. The concealment of the existence of the cause of action was not necessarily fraudulent. To render it fraudulent it must have been accomplished by means of some misrepresentation or false statement by which plaintiff was deceived, or some device or trick by which he was misled. But it is not alleged that it was accomplished by such means; nor is the ultimate fact that it was fraudulent pleaded. Plaintiff's attempt by this

allegation was to show that the action was not barred by the statute. It was incumbent on him to plead facts which would prevent the running of the statute. It is clear that he has not done this. We reach the conclusion that upon the allegations of the petition the action was barred in five years from the time the money was received by defendant, which was February 3, 1880.

As the bar of the statute had run when the suit was begun in May, 1885, it is unnecessary to inquire as to the effect of the dismissal of that action, and the subsequent institution of the present one.

AFFIRMED.