## The Board of Supervisors of the County of Mecosta v. Nathan H. Vincent.

*Board of supervisors—Accounts of sheriff—Fraud—Estoppel—Statute of limitations.*

The board of supervisors of a county, at its January session, authorized the sheriff to draw orders on the county treasurer for money to defray his necessary expenses incurred in behalf of the county, and at the October session of the same year limited the operation of the former resolution to extraordinary criminal cases, and provided that, in presenting his accounts to the board, he should state fully his receipts from the county treasurer, and the net balance actually due him.   Acting under these resolutions, the sheriff drew money from time to time, and presented his accounts to the board, which were audited, and during the period covered by such transactions annual settlements were had by the board of supervisors with the county treasurer, to its entire satisfaction, that officer being able to present vouchers for all moneys disbursed by him.   The foregoing facts appeared on the trial of a suit brought by the board of supervisors to recover for moneys received by the sheriff of the treasurer during the specified year, and which it was claimed had not been accounted for by him in presenting his accounts to the board; but all of said sums were so received more than six years prior to the commencement of such suit.   The theory of the plaintiff was that the defendant fraudulently obtained these moneys from the treasurer, and concealed the facts from the plaintiff until within two years of the time suit was commenced, thus saving plaintiff's claim from being barred by the statute of limitations, of which alleged bar defendant had given notice with his plea.   In passing upon these facts and claims the Court held:

1. That plaintiff, who at all times had access to, and the means of examining, the treasurer's books and vouchers, and whose duty it was to do so, must be *conclusively* presumed to know their contents; and it being the further duty of plaintiff to settle with defendant, and knowing the amount of money he had received from the treasurer, and for what purpose, plaintiff had the right to know, and it was its duty to ascertain, in what manner and for what purpose defendant, during the year, had disbursed the same.

2. That as plaintiff is conclusively presumed to know what money defendant had received from the treasurer, it had no occasion to be informed of that fact by the defendant, who could not therefore fraudulently conceal it from plaintiff's knowledge; and that the duty of defendant to state his receipts and disbursements, under the resolution of the board, did not relieve plaintiff from the duty of examining such statements and verifying their correctness, nor deprive plaintiff of any knowledge the law presumes it to have possessed.

Error to Mecosta. (Fuller, J.) Argued January 27, 1887. Decided April 21, 1887.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion.

*J. H. Palmer* and *M. Brown,* for appellant.

*F. A. Mann* (*Frank Dumon,* of counsel), for plaintiff.

SHERWOOD, J. The defendant in this case was sheriff of Mecosta county four years, commencing on the first day of January, 1877, and ending on the thirty-first day of December, 1880. He was also made under-sheriff by his successor, John Shaw, and acted in that capacity, from the close of his term as sheriff, until the month of October, 1882.

The plaintiff brings this action of assumpsit against the defendant, to recover back certain moneys which it is alleged he received from the treasurer of the county during the period he acted as sheriff and under-sheriff aforesaid, and which he has never accounted for to the county, and claimed upon the trial to be entitled to recover the sum of $724.73, with interest.

The declaration contained two special counts, with the common counts added.

The defendant pleaded the general issue, and gave notice that he would show set-off to the plaintiff's claim under all the common counts; also that the several claims presented by plaintiff in its declaration were each and all of them barred by the statute of limitations.

The cause was tried in the Mecosta circuit by jury, and verdict and judgment was obtained for plaintiff for $792.04. Defendant brings error.

On the eleventh day of January, 1871, the board of supervisors adopted the following resolution:

"Resolved, by the board of supervisors of Mecosta county, that the sheriff of Mecosta county be, and is hereby, authorized to draw on the county treasurer, from time to time, for such sums of money as shall be necessary to defray his actual expenses incurred on behalf of the county."

And on the thirteenth day of October, 1871, the committee of the board on sheriff and jail made the following recommendation, which was adopted by the board:

"Your committee would further recommend that no further orders be drawn by the sheriff upon the county treasurer, unless in some extraordinary criminal cases; and, further, that, when said sheriff presents his accounts to this board, a full statement of all his receipts from the county treasurer be fully stated, and the net balance actually due him."

The foregoing resolution and recommendation remained in force until the fourteenth day of June, 1882, when they were rescinded.[1] All the orders drawn in payment of defendant's bills were delivered to him, and were paid by the county treasurer shortly after, except three,—Nos. 984, 990, and 1225. The first was drawn in 1877, and the other two in 1878. They were indorsed by the defendant to George W. Crawford, and were presented by him to the treasurer for payment, who, on the ninth day of February, 1885, paid the same at their face value, viz., $736.86, and they were allowed

---

[1] The rescinding resolution reads as follows: "Resolved, by the board of supervisors of Mecosta county, that, rescinding the former resolution regarding the sheriff's drawing money from the county treasurer in advance of services performed, and beginning at this date, be it resolved  *  *  that hereafter the sheriff shall make an itemized bill of his expenses at the end of every month, properly certified to, and, when presented to the county treasurer, said treasurer shall pay the same; but in no case shall the sheriff draw more than his actual and necessary expenses until all of his accounts shall have been audited by the board of supervisors."

in the settlement made by the treasurer of that year with the board of supervisors; the paid orders being presented by the treasurer to the committee of supervisors as his vouchers for such payment.

This suit was commenced on the sixteenth day of January, 1886.

The plaintiff filed a bill of particulars under its declaration, from which it appears that it claimed the defendant had failed to account for $455 received in 1877; and for $344.73, in 1878; also $241.36, in 1882,—said sums being amounts paid defendant, for items of service and expenses as sheriff and under-sheriff, more than was allowed him for the same by the board of supervisors; also to account for the moneys paid George W. Crawford on the three orders above mentioned.

It is the theory of the plaintiff in this case that the defendant fraudulently obtained these moneys from the treasurer of the county, and that he concealed the facts until within two years of the time of bringing this suit, and that, so far as relates to the remainder of the plaintiff's bill of items in 1882, they are all within six years, and therefore the plaintiff's action is well brought as to them; that the defendant fraudulently obtained the three county orders, and that the fraud was only fully consummated when the money was paid thereon to Crawford, and that, by waiving the tort, the plaintiff had the right to recover that money under the common count for money paid, and the judgment was therefore right.

The theory of the defense, on the trial below, was that the items previous to 1882 were barred by the statute of limitations; that the items claimed as arising while defendant was under-sheriff were not within the declaration; and that, under the declaration, no recovery can be had for money paid by the treasurer on the three orders.

The court rejected the claims for 1882, and of this ruling

the defendant cannot complain.[1]   Thirteen witnesses were sworn for plaintiff, and all, except Crawford, who was the assignee of the three orders, and Palmer, one of the defendant's counsel, were either of those who had been supervisors or county officers, either clerks or treasurers.   In addition to the testimony given by these witnesses, the annual settlements of the county treasurer with the board of supervisors, appearing of record, were offered in evidence during all the years the defendant was sheriff or under-sheriff, and from each of which it appears that the accounts of the treasurer, and the manner in which they were kept, were entirely satisfactory, and that the treasurer was able, in each case, to furnish the vouchers for all moneys disbursed by him.

The fact that the defendant had drawn from the treasury the several sums of money as alleged was admitted; and the board of supervisors, who at all times had access to, and the means of examining, the treasurer's books and vouchers; and whose duty it was so to do, must be conclusively presumed to know the contents of such books and vouchers.   *Robert v. Morrin,* 27 Mich. 306;   *Advertiser & Tribune Co. v. Detroit,* 43 Id. 119;   Dill. Mun. Corp. § 176;   Ang. & A. Corp. § 303;   *Field v. Mayor,* 6 N. Y. 179 ;   *Nichols v. Boston,* 98 Mass. 39;   *Williamsport v. Richter,* 81 Penn. St. 508;   *Wood v. Carpenter,* 101 U. S. 140;   *Brunson v. Ballou,* 70 Iowa, 34 (29 N. W. Rep. 794) ;   *Rouse v. Southard,* 39 Me. 404.

It was also the duty of the board of supervisors to settle with the sheriff of the county, and, knowing the amount of money received from the treasurer, and what for, they had the right to know, and it was their duty to ascertain, in what manner and for what purpose the sheriff, during the year, had disbursed the same.

The defendant put in no testimony in this case, and all that was offered and received is contained in the record.   I

---

[1] At the conclusion of the taking of testimony, on motion of defendant's counsel, the court struck out all testimony relating to this item on the ground that it had been passed upon and settled by plaintiff.

have examined the record carefully, and have found no testimony tending to prove that the defendant obtained these several sums charged, from the treasurer, through any fraudulent representation, pretense, or other deceptive means whatever.

But it is claimed by the learned counsel for the plaintiff, in his declaration, and it was urged upon the trial,—

"That the defendant fraudulently concealed from the knowledge of the board the fact that he had drawn these moneys from the county treasury."

This could not be, so long as the board was conclusively presumed to know this fact. The board of supervisors had no occasion to be informed upon that subject by the sheriff; and the presenting of his bills for disbursements, even if the rules of the board required him so to do, and to show balances over receipts in his hands, did not relieve the board from their duty to examine and see to it that the statements thus presented were correct. Neither did it deprive them of any knowledge the law presumes them to have. Really, so far as the evidence shows certainly any fact in this regard, it shows that in one statement made by the defendant it was $75 against him, instead of against the county. It is not shown that these statements contained all the defendant's disbursements. If there was no deception or fraud shown against the defendant in the record, then certainly the claims previous to 1882 were outlawed.

It is sought to establish the claim for moneys paid on the three orders upon different grounds, and if that claim should be made the sole cause of action, it is barely possible other defenses might be interposed, and therefore we do not deem it proper to discuss this branch of the case further.

At the close of the testimony, counsel for defendant asked the court to charge the jury:

"1. That the claims of plaintiff before 1882 were barred by the statute of limitations.

"4. In the absence of proof to the contrary, the law will presume that the former boards of supervisors, from 1877 to 1878, had knowledge of all the facts embraced in the controversy in this suit, and, unless you find from the evidence that the former boards did not have such knowledge, then the statute of limitations will apply.

"5. The law presumes, in the absence of proof to the contrary, that the moneys received under the resolution were disbursed, also, under the resolution, for the benefit of the county."

Each of these requests might have been properly given, and the refusal to give each or any of them was error.

The judgment must be reversed, and a new trial granted.

CAMPBELL, C. J., and MORSE, J., concurred.

CHAMPLIN, J. (*dissenting*). I do not think it was error to refuse the fifth request above stated. It was the duty of the sheriff to render a proper account of the moneys disbursed by him under the resolution, and, if he charged and rendered a bill against the county for such services, he should have stated the moneys drawn from the treasury to pay for such services as a credit. Neither do I think that the treasurer's books showed such facts as would charge the board of supervisors with knowledge of items disbursed by the sheriff. The question of fraudulent concealment was a question of fact for the jury, and is not withdrawn from them by the fact that the board of supervisors are presumed to have knowledge of the standing of the accounts between the county and its officers. I do not think the county should be made to suffer, or officers profit, by the neglect or carelessness of the board of supervisors.