## HARRAH v. JACOBS.

Surety : ON PROMISSORY NOTE : PAYMENT OR PURCHASE : LIMITATION OF ACTION AGAINST PRINCIPAL. A joint maker of a promissory note, who is in fact only a surety, and who pays the note, cannot maintain an action for indemnity against his principal after the lapse of five years from the date of payment ; and it is the same if he purchases the note, for it is thereby extinguished as a note, and his action must be on the unwritten and implied agreement of his principal for indemnity. ( See cases cited in opinion). '

*Appeal from Jasper District Court.*—HON. W. R. LEWIS, Judge.

FILED, SEPTEMBER 6, 1888.

THIS is an action upon a promissory note. There was a demurrer to the petition, which was sustained, and plaintiff appeals.

*Harrah & Myers*, for appellant.

*Clements & Ward*, for appellee.

ROTHROCK, J.—It appears from the averments of the petition that the plaintiff and the defendant executed a promissory note to a corporation known as the " Jasper Co-operative Association." The note is in these words : "Newton, Iowa, September 4, 1878. For value received, on or before January 1, 1881, I promise to pay the Jasper Co-operative Association two hundred dollars, with ten per cent. interest thereon from January 1, 1878, until paid. A. D. Jacobs, A. L. Harrah."

Harrah executed the note as surety for Jacobs. On the twentieth day of November, 1880, the said corporation sold all its stock to the plaintiff. The contract of sale was as follows : " That we agree to sell our stock to A. L. Harrah, as shown on the secretary's book at the

Harrah v. Jacobs.

close of 1879, and ten per cent. thereon for the year 1880 ; the said Harrah to take all debts to the association, and to assume and pay all liabilities of the association." The corporation was dissolved, and ceased to exist as a corporation. Plaintiff claims that by purchasing the stock he became the owner of the note in suit ; that the transaction was a purchase of the note, and not a payment. The action was commenced more than five years after the alleged purchase of the note from the corporation.

The demurrer was to the effect that the plaintiff can not maintain an action on the note because it was paid SURETY: on promissory note: payment or purchase : limitation of action against principal. and discharged, and that, having paid and discharged the note as surety, the right to recover of the defendant the money paid is barred by the statute of limitations. It is very clear that, if the plaintiff can recover at all, it must be upon the note. No action can be maintained in the usual form of an action by a surety against his principal for money paid in discharge of the note, because more than five years elapsed between the time of the payment and the commencement of the suit. It will be observed that the relation of principal and surety does not appear from the instrument itself. If the relation exists, it must be established by parol evidence. The right of action would therefore be founded u pon an unwritten contract, and under our statute would be barred in five years. *Lamb v. Withrow*, 31 Iowa, 164.

The plaintiff insists that his transaction with the corporation amounted to a purchase of the note, and not a payment. The same theory was claimed in the cases of *Lamb v. Withrow*, *supra*, and *Bones v. Aiken*, 35 Iowa, 534, and *Johnston v. Belden*, 49 Iowa, 301. It is true that in all the cited cases the obligations had been reduced to judgments. But the principle involved is the same. It is that a joint maker of a note, who is in fact surety, is not entitled to recover, by purchasing a note or a judgment rendered upon it, either upon the note or judgment. It makes no difference whether he calls the transaction a purchase or a payment. His action is one for indemnity for the money paid. It is

not an action upon a written contract, and is barred in five years. Such appears to be the rule of the cases above cited. We think the demurrer to the petition was properly sustained.          AFFIRMED.