## CUNNINGHAM v. WEYERHAEUSER TIMBER CO.

No. 570.

District Court, W. D. Washington, S. D.

Nov. 8, 1943.

Oscar A. Zabel, of Seattle, Wash., for plaintiff.

W. E. Heidinger and T. J. Hanify, both of Tacoma, Wash., for defendant.

LEAVY, District Judge.

The plaintiff, Harry Cunningham, has brought an action against the defendant, Weyerhaeuser Timber Company, a corporation, and seeks recovery for compensation for hours worked in excess of the maximum, liquidated damages and attorney's fees, under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219.

This action was filed on September 15, 1943. The complaint alleges the period of employment as being from the 15th day of September, 1940, to and inclusive of the 29th day of August, 1941.

The defendant, Weyerhaeuser Timber Company, has filed a motion to dismiss plaintiff's action with prejudice on the ground that the action was not commenced within the time limited by law, and is barred by the statute of limitations of the State of Washington.

It is the defendant's contention that this action falls within the provisions of Section 165, Rem.Rev.Stat. of Wash., which provides: "An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued."

It is the contention of the plaintiff that the limitation statute of this State that covers his cause of action is found in Section 159, Rem.Rev.Stat., Subdivision 3, which provides: "An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument"; must be commenced within three years after the cause of action accrued.

It is plain, therefore, that if the two-year statute quoted applies, the motion must be granted and the action dismissed. If, on the other hand, the three-year quoted provision of the statute applies, the action would have been timely commenced and the motion must be denied, since the cause of action arose on the 29th day of August, 1941.

It is the defendant's contention, and ably supported by both oral argument and written briefs filed herein, that this is an action resting upon a liability created by statute, therefore must be governed by the two-year limitation, since under the laws of the State of Washington no specific provision is made for such action.

■ The Fair Labor Standards Act of 1938 nowhere within its terms makes reference as to the time when an action thereunder may be commenced, though the Act itself provides for jurisdiction in both federal and state courts. Section 216(b).

It follows, therefore, as contended by the plaintiff, that the statute of limitations, as found in the laws of the State of Washington, must govern in this case.

Morley v. Lake Shore Ry. Co., 146 U.S. 162, 13 S.Ct. 54, 36 L.Ed. 925.

The defendant cites numerous authorities in support of its contention that this is an action based upon a liability created by statute, particularly relying upon the following cases: McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann. Cas. 500; Noble v. Martin, 191 Wash. 39, 70 P.2d 1064.

In McClaine v. Rankin, supra, and also Noble v. Martin, supra, it will be noted that the obligation sought to be enforced was one growing out of a relationship that in no manner could be construed as a direct one between the parties. In McClaine v. Rankin, supra, plaintiff sought to enforce the super-added liability of the shareholders of an insolvent national bank in the State of Washington, and in Noble v. Martin, supra, the plaintiff sought to hold the officers and directors of an insolvent bank to enforce the liability created by the State Constitution of the State of Washington in reference to the reception of deposits after knowledge of the fact that such banking institution was insolvent. In neither of these cases is there any privity of contract as between the parties to the actions. The actions are based entirely upon liabilities created by law, as distinguished from con-

tract liabilities, and would, therefore, properly fall under the two-year statute of limitations.

No useful purpose could be accomplished by a discussion or analysis of the other cases cited.

The plaintiff, to support his position that the three-year limitation applies, in both his oral argument and brief, relies strongly upon the case of Gensman v. West Coast Power Company, 3 Wash.2d 404, 101 P.2d 316, which is an action for overtime wages covering a long period of years, where payments were made upon a monthly basis. This case does not bear directly upon the issue here involved, since it does not deal with the effect upon such contracts of the Fair Labor Standards Act of 1938. Plaintiff also cites State ex rel. McMillan v. Miller, 108 Wash. 390, 184 P. 352. This case throws some light upon the question of whether the rendition of the services became contractual in their nature. The court there held that they did, and the action was governed by the three-year statute of limitations.

A decision in this matter must turn upon the question as to whether the obligations created by the Fair Labor Standards Act in 1938 must be read into, and considered as a part of the contract of employment entered into between the plaintiff and the defendant on the 15th day of September, 1940. If so, then the motion to dismiss must be denied, and, on the contrary, if it does not, the motion will have to be granted.

■ It is the law that statutory enactments in existence at the time of making a contract form a part of such contract, whether they were expressly referred to or not, and they become incorporated in it, and become a part of its terms. Every contract is made with reference to the law in force at the time of its making. 17 C.J.S., Contracts, p. 355, § 22. 12 Am.Jur. 769 § 240.

Section 159(3), Rem.Rev.Stat., covers oral contracts where there is an express or implied liability, and fixes three years as the period of limitation.

■ Here we have an instance where the contract of employment was oral, and the agreement was to pay compensation at stated intervals, to-wit: on a monthly basis. No reference whatever was made to the matter of minimum hours or maximum wages or the payment of overtime. However, under the rule just stated, the effective language of the Federal Act, which had been in existence for a considerable time before the oral contract was entered into, must be construed as being a part of such contract, and, therefore, brings this action within the provisions of the three-year statute of limitations. Overnight Motor Transp. Co. v. Missel, 316 U.S. 572–580, 62 S.Ct. 1216, 86 L.Ed. 1682; Walling v. A. H. Belo Corp., 316 U.S. 624–635, 62 S.Ct. 1223, 86 L.Ed. 1716; Missel v. Overnight Motor Transp. Co., 4 Cir., 126 F.2d 98–107; Loggins v. Steel Construction Co., 5 Cir., 129 F.2d 118–121; Northwestern Yeast Co. v. Broutin, 6 Cir., 133 F.2d 628–631.

In Overnight Motor Transp. Co. v. Missel, supra, and also in Walling v. Belo Corp., supra, while the court was dealing with a different set of facts, yet it is plain that it considered the Fair Labor Standards Act of 1938 as being incorporated in and made a part of the contracts of employment there involved.

In the Circuit Court, 5th Circuit, where the Belo case was being considered, Fleming v. A. H. Belo Corp., 121 F.2d 207, on page 215 of the opinion, the court said: "All the district judge was asked to and did decide, was whether the parties *made the agreement* they claimed to have made and whether they could in law make such an agreement." (Italics supplied.)

In the Belo case, supra [316 U.S. 624, 62 S.Ct. 1229, 86 L.Ed. 1716], when it was affirmed by the Supreme Court of the United States, the court said: "It is well to follow the Congressional lead and to afford the fullest possible scope to agreements among the individuals who are actually affected."

In Overnight Motor Transp. Co. v. Missel, supra, we find the following language, on page 580 of 316 U.S., on page 1221 of 62 S.Ct. 86 L.Ed. 1682, clearly indicating that the provisions of the Fair Labor Standards Act of 1938 must be considered as a part of the contract of employment: "No problem is presented in assimilating the computation of overtime for employees under contract for a fixed weekly wage for regular contract hours which are the actual hours worked, to similar computations for employees on hourly rates. Where the *employment contract* is for a weekly wage with variable or fluctuating hours, the same

method of computation produces the regular rate for each week."

And again on page 583 of 316 U.S., on page 1223 of 62 S.Ct., 86 L.Ed. 1682, the court said: *"The wages were specified for him by the statute."* (Italics supplied.)

Further in support of the position that the statute must be read into and considered as a part of the contract of employment herein involved, bringing this action within the three-year limitation, the following case is directly in point: Bettman v. Cowley, 19 Wash. 207, 53 P. 53, 56, 40 L. R.A. 815, where the court quotes with approval, McCracken v. Hayward, 2 How. 608, 11 L.Ed. 397, as follows: "The obligation of a contract consists in its binding force on the party who makes it. This depends on the laws in existence when it is made. *These are necessarily referred to in all contracts, and forming a part of them as the measure of the obligation to perform them by the one party, and the right acquired by the other.* There can be no other standard by which to ascertain the extent of either than that which the terms of the contract indicate, according to their settled legal meaning." (Italics supplied.)

There is a long line of decisions following the Bettman case in the State of Washington. The latest expression is found in Dopps v. Alderman, 12 Wash.2d 268-273, 121 P.2d 388, 391, wherein the court used the following language: "In accordance with a well-established rule, a statute which affects the subject matter of a contract, in contemplation of law, is incorporated into and becomes a part thereof, provided, of course, that the statute is in effect at the time the contract is made."

This pronouncement of the law is a reiteration of what was stated to be the law in this State in the earlier case of Progress Amusement Co. v. Baker, 106 Wash. 64-71,

179 P. 81, where the court quoted with approval similar language found in Gerner v. Church, 43 Neb. 690, 62 N.W. 51.

The same principle of law is reiterated and found many times in decisions coming from the federal courts. A case in point from this judicial district is In re Patterson-MacDonald Shipbuilding Co., D.C., 284 F. 277. The opinion was written by the late Judge Neterer. It was said on page 280 of 284 F. of that decision: "It· is fundamental that the laws of the place upon the subject of the contract are read into and become a part thereof to the same extent as though they were written into its terms."

In Economy Fuse & Mfg. Co. v. Raymond Concrete Pile Co., 7 Cir., 111 F.2d 875, on page 878, the court said: "And the courts must read into every written contract the law governing the parties at the time the contract is made."

One of the early decisions again announcing this principle is found in Armour Packing Co. v. United States, 209 U.S. 56-82, 28 S.Ct. 428, 436, 52 L.Ed. 681, where Justice Day, writing the opinion of the court, said: "The statute being within the constitutional power of Congress, and being in force when the contract was made, is read into the contract and becomes a part of it."

Giving application to this rule, we can not find, as contended by the defendant, that the cause of action asserted by the plaintiff rests upon a "statutory liability" or a "quasi contract", so as to bring it within the two-year limitation fixed by the laws of Washington, but must find that it is clearly an action for compensation, based upon an oral contract of employment, and governed, therefore, by the three-year limitation statute.

The motion of the defendant to dismiss is denied, and an appropriate order accordingly may be submitted.