## KEEN v. MID–CONTINENT PETROLEUM CORPORATION.

Civil Action No. 131.

District Court, N. D. Iowa, Central Division.

Jan. 11, 1945.

916

Leslie L. Boomhower and L. R. Boomhower, both of Mason City, Iowa, for plaintiff.

J. P. Greve, of Tulsa, Okl., for defendant.

Douglas B. Maggs, Sol., and Archibald Cox, Associate Sol., both of Washington, D. C., and Reid Williams, Regional Atty., of Kansas City, Mo., for Administrator of Wage and Hour Division, United States Department of Labor, amicus curiae.

GRAVEN, District Judge.

On alternative motions to dismiss and for summary judgment. The plaintiff in this action seeks recovery against the defendant under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The defendant first challenges the jurisdiction of the Court on the question of service. It appears that the defendant a Delaware corporation, has and is doing business in a number of states including Iowa. The residence of the plaintiff does not appear. It further appears that the defendant has and is doing business in that part of Iowa included in the Northern District of Iowa. It further appears that a portion of the services for which the plaintiff seeks recovery were rendered in this district. The defendant, as a foreign corporation, designated George Cosson of Des Moines, Iowa, as its agent for service in this state, and service of the summons and complaint in this action was made upon that agent at Des Moines, Iowa. The State of Iowa is divided into two Federal judicial districts, the Northern District of Iowa and the Southern District of Iowa. Des Moines, Iowa, is in the Southern District of Iowa.

The designation of George Cosson as agent for service was made under Chapter 386 of the 1939 Code of Iowa relating to permits of foreign corporations to do business in this state. Section 8421, subsection (6), of that Chapter requires, in order for a foreign corporation to secure a permit to do business in the State of Iowa, the corporation file:

"Certified copy of the resolution of the board of directors of said corporation giving name and address in Iowa of a resident agent on whom the service of original notice of civil suit in the courts of this state may be served."

The plaintiff and defendant have submitted written briefs and made oral arguments as to the validity of Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, which provides in part as follows:

"Territorial Limits of Effective Service. All process other than a subpœna may be served anywhere within the territorial

limits of the state in which the district court is held * * *."

It is believed that the situation in the instant case is such that the validity of Rule 4(f) is not involved. Under 28 U.S.C.A. § 112, it is provided that "no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." In the case of Neirbo Co. v. Bethlehem Corporation, 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, the United States Supreme Court held that the designation by a foreign corporation in conformity with a valid state statute and as a condition of doing business within it, of an agent upon whom service of process could be made constituted a waiver by such corporation of its rights under 28 U.S.C.A. § 112, and gave its effective consent to be sued in the federal courts of that state. The case just cited was a diversity of citizenship case. The instant case is not a diversity case. In the case of Dehne v. Hillman Investment Co., 3 Cir., 1940, 110 F.2d 456, the defendant a foreign corporation had designated an agent for service in Pennsylvania as a condition precedent to securing a permit to do business in that state. The corporation was sued on a non-diversity case in the federal district court for the Western District. The process was served upon the service agent at Harrisburg, Pennsylvania, in the Middle District of Pennsylvania. The Third Circuit Court of Appeals held that the defendant could be sued in the Western District under such designation. Accord, Ball v. Paramount Pictures, D.C.Pa., 1944, 57 F.Supp. 505. It is believed that the defendant in the instant case by its designation of an agent for service must be held to have consented to be sued in the Northern District of Iowa on the claim in the instant case. The defendant's motion to dismiss on the ground that service upon such agent in the Southern District of Iowa did not give this Court jurisdiction, is overruled.

The defendant also moves to dismiss on the ground that the complaint shows on its face that the services upon which recovery is asked were not of such a nature to be within the purview of the Fair Labor Standards Act. While it could be that the evidence at the trial might be such as to support the views of the defendant, yet it cannot be said that a reading of the complaint shows so clearly that the plaintiff's services were without the purview of the Act as to warrant this Court in summarily deciding that question against the plaintiff. The defendant's motion to dismiss or in the alternative for summary judgment upon the ground that the complaint shows that the services upon which the plaintiff bases his recovery were outside the purview of the Fair Labor Standards Act, is overruled.

The defendant further moves to dismiss or in the alternative for summary judgment upon the ground that the plaintiff's claim is barred by the statute of limitations. The Administrator of the Wage and Hour Division, United States Department of Labor, asked for and was given permission to file briefs on that question as amicus curiae.

The complaint shows that the services upon which plaintiff's claim is based, were rendered from October 24, 1938 (the date the Fair Labor Standards Act became effective), to July 15, 1941. This action was commenced October 5, 1944, or 3 years, 2 months and 20 days after the ending of plaintiff's services.

On March 19, 1943, the Iowa Legislature enacted Chapter 267 of the Laws of the 50th General Assembly, Section 1, which provides as follows:

"In all cases wherein a claim or cause of action has arisen or may arise pursuant to the provisions of any Federal statute wherein no period of limitation is prescribed, the holder of such claim or cause of action may commence action thereon within but not after a period of six months after March 1, 1943, if such claim or cause of action arose prior to March 1, 1943, or within but not later than six months after the accrual of such claim or cause of action if such claim or cause of action arose after March 1, 1943."

The parties do not seem to be in dispute but what it is the general rule that where a Federal statute provides for a right and Congress has not prescribed any period of limitation, that the valid applicable state statutes of limitations are to be applied. However, it is the vigorous claim of both the plaintiff and the amicus curiae that Chapter 267 referred to is invalid in that it violates the Constitution of

the United States because (1) it discriminates against rights bestowed by Federal statutes fixing a shorter period of limitation for the assertion of such rights than is provided for the presentation of similar non-Federal claims; (2) it, in effect, prevents the enforcement of rights bestowed by an Act of Congress and is, therefore, in conflict with the supreme law of the land; and (3) it unreasonably shortens the time within which suits may be brought and thus denies due process of law to the plaintiff.

The parties have submitted extensive briefs and arguments as to the constitutionality of Chapter 267. The parties apparently are of the view that unless Chapter 267 is unconstitutional that the plaintiff cannot recover. The plaintiff, however, does raise one additional question later referred to. However, the constitutionality of Chapter 267 need only be considered and determined if that Chapter operates as a bar to plaintiff's claim. If that Chapter does not bar plaintiff's claim, then determination of its constitutionality is not necessary. There are a number of different Iowa statutes on the limitation of actions providing different periods of limitations depending upon the nature of the claim sought to be enforced.

It should be noted that there are a number of rights given under Federal statutes where Congress did not prescribe any period of limitation and which are governed by the applicable state statutes of limitations. Examples of these are: (1) Claims for treble damages under the antitrust laws. 15 U.S.C.A. § 15, see Chattanooga Foundry & Pipe Works v. City of Atlanta, 1906, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241. (2) Actions for deprivation of civil rights or for conspiracy to deprive persons of civil rights. 8 U.S.C.A. §§ 43, 47, see O'Sullivan v. Felix, 1914, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980; Mitchell v. Greenough, 9 Cir., 1938, 100 F.2d 184, certiorari denied 306 U.S. 659, 59 S.Ct. 788, 83 L.Ed. 1056. (3) Suits against stockholders of national banks. 12 U.S.C.A. § 64, see Pufahl v. Estate of Parks, 1936, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133. (4) Actions arising out of copyright infringement. 17 U.S.C.A. § 25, see Brady v. Daly, 1899, 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109. (5) Actions of trustees in bankruptcy under the Chandler Act, 11 U.S.C.A. § 1 et seq., see Tuffy v. Nichols, 2 Cir., 1941, 120 F.2d 906, certiorari denied 314 U.S. 660, 62 S.Ct. 113, 86 L.Ed. 528;

Nairn v. McCarthy, 7 Cir., 1941, 120 F.2d 910.

Chapter 267 is a very interesting type of state statute since it is a state statute specifically prescribing a period of limitation for federal matters. What its applicability and validity might be in regard to various federal matters just referred to is of course not involved in this case, but it can be noted that Chapter 267 cannot be regarded as being a statute specifically for the purpose of barring claims under the Fair Labor Standards Act, for it is much broader in its scope. The Iowa Legislature does not have a record made of its debates upon measures and the reports of its committees as to bills consist only of brief recommendations as to action. So in this case there is no state legislative record to throw light upon the objects and purposes of Chapter 267, except the statute itself. There is also no Congressional legislative record in connection with the passage of the Fair Labor Standards Act as to the matter of limitations.

■ While, in some jurisdictions, it is the form of the action and not the real nature of the action which determines the applicability of the statute of limitations or a particular statute of limitations, yet in those jurisdictions where forms of actions have been abolished, the general rule is that the real nature of the action is to determine such applicability. 37 C.J. Sec. 56. See, Independent School District v. Independent School District, 1904, 123 Iowa 455, 99 N.W. 106; and Harkison v. Harkinson, 8 Cir., 1900, 101 F. 71. In Iowa all technical forms of actions were long ago abolished by legislation which in the 1939 Code of Iowa appears as Section 11108. While Section 11108 of the 1939 Code of Iowa was superseded by Rule 67 of the Iowa Rules of Civil Procedure which became effective July 4, 1943 (Chapter 278, Laws of the 50th General Assembly), yet that rule is the same in substance as the statute. See Advisory Committee Comment in Cook, Iowa Rules of Civil Procedure Annotated. Rule 2 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, corresponds to similar state provisions abolishing forms of actions. See Simkins Federal Practice (Schweppe) Third Edition p. 1058.

■ The Fair Labor Standards Act is based upon the power of Congress to regulate interstate commerce. United States v. Darby, 1941, 312 U.S. 100, 61 S.

Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430. In order to carry out the objects and purposes of that Act certain rights are given to employees engaged in interstate commerce. Where Congress under its power to regulate interstate commerce provides for certain rights and for actions to enforce those rights, the decisions of the Federal Courts are determinative as to the nature of such rights and of the actions to enforce them. See cases 45 U.S.C.A. § 51, notes 16 and 18, and cases under Interstate Commerce Act, 49 U.S.C.A. note 23, preceding § 1.

Thus, since the applicability of a particular statute of limitation is determined by the nature of the action, and since in an action provided for by Congress in connection with its regulation of interstate commerce, the rulings of the Federal Courts are determinative as to the nature of the action, it would seem necessary to ascertain what the United States Supreme Court and the other Federal Courts have held as to the nature of the actions given employees under the Fair Labor Standards Act.

The Fair Labor Standards Act, 29 U.S. C.A. § 201 et seq., in substance requires employees engaged in interstate commerce to be paid a certain regular minimum wage per hour, Sec. 206, and at one and one-half the regular rate for all hours worked each week over certain fixed maximum hours. Sec. 207. Section 216 of the Act provides in part as follows (italics supplied):

"Penalties; civil and criminal liability

"(a) * * *.

"(b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum *wages,* or their unpaid overtime *compensation,* as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction * * *."

It is to be noted that the Act makes use of the term "unpaid minimum wages" when referring to the failure to pay the minimum hourly rates, and uses the term "unpaid overtime compensation" when referring to the failure to pay for overtime, and uses the term "liquidated damages" as applicable to the additional equal amount of both. In the instant case, the plaintiff does not claim that he was not paid the minimum regular hourly rate, but claims he was not paid overtime "compensation," and asks recovery for that plus an additional equal amount as liquidated damages.

■ It has been suggested that the terminology used in Section 216 as to the various items of recovery permitted could be of importance in regard to laborer's liens and exemption of wages from garnishment. Loggins v. Steel Const. Co., 5 Cir., 1942, 129 F.2d 118, 121. However, it is sufficient for the purposes of this case to note that it is held that unpaid overtime compensation and liquidated damages in an additional equal amount constitute a single and entire liability, and that an action to enforce that liability constitutes a single and entire cause of action. Birbalas v. Cuneo Printing Industries, 7 Cir., 1944, 140 F.2d 826, 828; Rigopoulos v. Kervan, 2 Cir., 1943, 140 F.2d 506, 151 A.L.R. 1126.

■ The plaintiff in his briefs and arguments suggests that because Sec. 216 is headed "Penalties" that the Federal Courts have exclusive jurisdiction under 28 U.S.C.A. § 371, which provides in part that the federal jurisdiction shall be exclusive of state courts in suits for penalties and forfeitures incurred under the laws of the United States, and is governed by the Federal statute of limitations relating to penalties found in 28 U.S.C.A. § 791. However, it is believed that that portion of the Fair Labor Standards Act, 29 U.S.C.A. § 216, providing that actions for recovery "may be maintained in any court of competent jurisdiction" negatives the idea that such actions can only be maintained in federal court. It might also be noted that it has been pointed out that the federal statute, 28 U.S.C.A. § 791, providing a five year period of limitation for the recovery of penalties and forfeitures accruing under the laws of the United States is applicable only to cases where the recovery is by way of public punishment rather than to cases under the Fair Labor Standards Act which are for private compensation. Loggins v. Steel Const. Co., 5 Cir., 1942, 129 F.2d 118, 121.

■ Under Section 11007 subsection (3) of the 1939 Code of Iowa, it is provided that actions "for a statute penalty" are barred in two years. However, it has been definitely and authoritatively settled by the United States Supreme Court that the liquidated damages provided for in the Fair Labor Standards Act do not constitute a penalty or punishment. Overnight

Motor Transp. Co. v. Missel, 1942, 316 U. S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682. In that case on page 583 of 316 U.S., page 1223 of 62 S.Ct., the Court states:

"The liquidated damages for failure to pay the minimum wages under sections 6 (a) and 7(a) are compensation, not a penalty or punishment by the Government. * * * The retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages."

Since actions for recovery under the Fair Labor Standards Act are not within the purview of statutes of limitations having to do with penalties, the question then presents itself as to what statute or statutes of limitations such actions do come under.

Some states like Louisiana have specific statutes of limitations limiting actions for the recovery of wages. See, Loggins v. Steel Const. Co., 5 Cir., 1942, 129 F.2d 118. In this last case the plaintiff, similarly to the plaintiff in the instant case, brought action to recover for "compensation" for overtime and for an additional equal sum as liquidated damages. The Circuit Court of Appeals for the Fifth Circuit held that the action was barred under a Louisiana statute which prescribed a one year limitation for the recovery of payment of wages. Iowa has no specific statute of limitation as to the recovery of wages, and except as to such actions as might be held to be within the scope of Chapter 267 heretofore referred to, actions for the recovery of wages in Iowa are governed by the statutes of limitations relating to written and unwritten contracts.

Chapter 267 referred to governs actions "arising" pursuant to the provisions of any Federal statute. Section 11007, Subsection (5) of the 1939 Code of Iowa prescribes a five year period of limitation for actions "founded on unwritten contracts," and Subsection (6) of the same section provides a ten year period of limitation for actions "founded on" written contracts. In the instant case while the plaintiff alleges a contract of employment, it is not stated whether it was written or oral. However, Section 11007 uses the same words "founded on" in referring to both written and unwritten contracts. If the plaintiff's action is "founded on contract," it was brought in time whether his contract of employment was written or oral. In the case of Palmer v. City of Cedar Rapids, 1914, 165 Iowa 595, 146 N.W. 827, Ann.Cas.1916E, 558, the Iowa Supreme Court in referring to the Iowa statute of limitations stated on page 828 of 146 N.W. citation: "The words 'founded on' mean 'to serve as a base or basis for,' * * *."

The matter then resolves itself down to the question of whether an action for recovery under the Fair Labor Standards Act is an action "arising" under a Federal statute, or whether it is "founded on" contract. Since the nature of the action is a federal question, it is necessary to determine what the Federal Courts say in regard to the nature of the action.

For discussion by the Iowa Supreme Court of another phase of the Fair Labor Standards Act, see Umthun v. Day & Zimmerman, Inc., Iowa, 194, 16 N.W.2d 258.

In the case of Overstreet v. North Shore Corporation, 1943, 318 U.S. 125, 63 S.Ct. 494, 87 L.Ed. 656, the United States Supreme Court states on Page 131 of the United States citation that Congress provided for the working out of the Fair Labor Standards Act "through adjustment of the master-servant relationship." Since the master-servant relation must have its inception in a contract of employment, it is evident that Congress through the Fair Labor Standards Act imposed or superimposed certain restrictions on such contracts. Other Federal cases bear out this view. In Walling v. A. H. Belo Corporation, 1942, 316 U.S. 624, at page 630, 62 S. Ct. 1223, at page 1226, 86 L.Ed. 1716, the Court states: "But nothing in the Act bars an employer from contracting with his employees to pay them the same wages that they received previously, so long as the new rate equals or exceeds the minimum required by the Act."

In the case of Atlantic Co. v. Walling, 5 Cir., 1942, 131 F.2d 518, on page 522 the Court states: "It is sufficient to say that nothing in the law requires employers to continue to employ, or employees to continue to work, except on terms mutually agreeable to both, and that subject only to compliance with the act, employer and employees were free to make any terms they chose to."

In the case of Johnson v. Dierks Lumber & Coal Co., 8 Cir., 1942, 130 F.2d 115, at page 118, having to do with an action under the Fair Labor Standards Act, the Court states: "Contracts between employers and employees subject to the act

and prohibited by or inconsistent with its provisions are illegal, and not binding upon the employees."

In the case of Carleton Screw Products Co. v. Fleming, 8 Cir., 1942, 126 F.2d 537, certiorari denied 317 U.S. 634, 63 S.Ct. 29, 87 L.Ed. 511, the Court in discussing the power of Congress in regard to contracts having to do with interstate commerce on page 541 of 126 F.2d states: "It may deny the right to contract in violation of the established law. For example, a common carrier or shipper can not legally contract for the transportation of goods or property in interstate commerce at a rate other or different from that specified in the approved published tariffs of the carrier. * * * Congress may constitutionally regulate the making or performance of contracts where reasonably necessary to effect the purposes for which the National Government was created, such as the regulation of interstate commerce."

In the case of Northwestern Yeast Co. v. Broutin, 6 Cir., 1943, 133 F.2d 628, at page 631, the Court states: "* * * under the federal decisions the statutory obligation contained in the Fair Labor Standards Act is read into and becomes a part of every employment contract between an employer and employee subject to the terms of the Act." Accord, Cunningham v. Weyerhaeuser Timber Co., D.C.Wash., 1943, 52 F.Supp. 654.

In the case of Rigopoulos v. Kervan, D.C.,S.D.N.Y., 1943, 53 F.Supp. 829, at page 830, a Fair Labor Standards case, the Court states: "An action under Section 16(b) of the Act is an action for breach of contract, even as to the liquidated damages. Both the overtime wages and the liquidated damages are considered as compensation for services rendered, under the contract implied under the act." See also, Philpott v. Standard Oil Co., D.C.Ohio, 1943, 53 F.Supp. 833, 837.

Thus, in cases under the Fair Labor Standards Act are cases where a federal statute is read into a contract of employment. Analogous cases are cases involving common carriers where terms of a statute are read into the contract of transportation. In both types of cases the question of whether the obligations so read in are contractual in nature, or "arise" from statute, can become of importance in applying statutes of limitations and in other ways.

In the case of Hines v. W. F. Richardson, Jr., Co., Inc., 4 Cir., 1923, 290 F. 162, appeal dismissed, 1924, 264 U.S. 573, 44 S.Ct. 403, 68 L.Ed. 856, recovery was sought for demurrage charges fixed under the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq. The defense was the statute of limitations. The Virginia statutes as to limitations were applicable. The Fourth Circuit Court of Appeals held that the applicable statute of limitations was that relating to express or implied contracts, stating on page 164 of 290 F.:

"But it makes no difference what the demurrage charge may be called, or that it partakes both of the nature of a charge for service and a penalty to stimulate promptness on the part of shippers and consignees. It was approved by the Interstate Commerce Commission and incorporated in the bills of lading along with the freight as a part of the transportation charges. When the defendants accepted the cars, they impliedly contracted to pay all these transportation charges. Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co. v. Fink, 250 U.S. 577, 40 S.Ct. 27, 63 L.Ed. 1151; New York Central [& H. R. R. Co. v. York &] Whitney Co., 256 U.S. 406, 41 S.Ct. 509, 65 L.Ed. 1016."

In the case of Oregon-Washington R. & Nav. Co. v. Seattle Grain Co., 1919, 106 Wash. 1, 178 P. 648, 185 P. 583, an action was brought to recover undercharges for intra freight shipments, shipped under bills of lading, where the charges had been fixed pursuant to state law. A Washington statute provided a six year limitation period where recovery was based on a "liability express or implied arising out of a written agreement." If the action did not fall within that class it was barred. The Washington Supreme Court held that the action was upon written contract, stating on page 652 of 178 P. that the "contract of carriage and the promise to pay the legal charges * * * gives rise to the cause of action." The same court was of the view that the contract of carriage was the principal obligation and that the other obligations were collateral obligations and that the action was upon the principal and not the collateral obligations. It could be considered in cases under the Fair Labor Standards Act that the contract of employment is the principal obligation and that the statutory obligations as to minimum pay and over-time are collateral obligations.

In the case of Chicago, M. & St. P. Ry. Co. v. Frye & Co., 1919, 109 Wash. 68, 186 P. 668, recovery was sought for undercharges in connection with interstate shipments where the charges were fixed under the Interstate Commerce Law. Unless the action was regarded as being on contract, the action was barred. The Washington Supreme Court on page 671 of 186 P. states: "While it may be admitted that under the Interstate Commerce Law as it now stands the terms of a contract between a shipper and a carrier are largely fixed by law, yet, notwithstanding that fact, a contract is entered into between the parties whenever the one delivers his goods to the other, and the latter accepts them for transportation, and the limitation period is to be determined from the fact that the parties reduce their agreement to writing or permit it to rest in parol, * * * and, since the relations between the shipper and the carrier are contractual, the matter of freight rates cannot fall with the two-year limitation." In the case of Grismer v. Merger Mines Corporation, D. C.Wash., 1942, 43 F.Supp. 990, 993, attention is called to the decisions referring to the Washington statute of limitations referred to in the two previous cases as being peculiar in that it relates to "liability express or implied arising out of a written agreement."

The Iowa Supreme Court holds that contracts implied in law or by operation of law are regarded as "founded on unwritten contract," so far as the applicable period of limitation is concerned. Brunson v. Ballou, 1886, 70 Iowa 34, 29 N.W. 794, 795; Harrah v. Jacobs, 1888, 75 Iowa 72, 73, 74, 39 N.W. 187, 1 L.R.A. 152; Van Patten v. Waugh, 1904, 122 Iowa 302, 303, 98 N.W. 119; See also, Roberts v. Roberts, 1941, 231 Iowa 394, 404, 1 N.W. 2d 269. There are no Iowa statutes specifically providing periods of limitations for implied contracts or quasi-contracts.

In the case of Baldwin, etc., Trustees v. Fenimore, 1939, 149 Kan. 825, 89 P.2d 883, in an action to recover freight charges fixed under the provisions of a Kansas statute, the Kansas Court held that the liability for freight charges was not a liability created by statute, but was a contractual relation under the Kansas statutes of limitations.

The Iowa case of Woodward v. Squires & Co., 1875, 41 Iowa 677, indicates how statutory provisions providing that certain provisions shall be deemed part of contract between the parties can be regarded as giving rise to an express contract rather than one implied in law. In the case just cited the Court had for consideration an Iowa statute which provided that all payments or compensation for intoxicating liquor sold in violation of law, "shall be held to * * * have been received upon a valid promise and agreement of the receiver, in consideration of the receipt thereof, to pay on demand to the person furnishing such consideration" the amount thereof. The question was as to the applicable statute of limitation. The Iowa Court held that the same statute of limitation was to be applied as if the money had in fact been paid under an express promise to repay. It is believed that there is no difference in legal significance between a statute like the Fair Labor Standards Act, which is considered as reading into a contract of employment a promise to pay the employee the items specified, and a statute like the Iowa statute just referred to, which states in specific words that the parties shall be held to have expressly agreed as to certain provisions.

It has been heretofore noted that the Iowa statutes of limitations relating to unwritten and written contracts use the term "founded on." It has also been heretofore noted that the liquidated damages provided for under the Fair Labor Standards Act have been held to be damages for breach of contract. It is held that a claim for damages for breach of contract is "founded upon contract." Central Trust Co. of Illinois v. Chicago Auditorium Ass'n, 1916, 240 U.S. 581, 36 S.Ct. 412, 60 L.Ed. 811, L.R.A.1917B, 580; In re Frederick L. Grant Shoe Co., 2 Cir., 1904, 130 F. 881.

In the case of Northwestern Yeast Co. v. Broutin, 6 Cir., 1943, 133 F.2d 628, the nature of the action for recovery under the Fair Labor Standards Act came before the Sixth Circuit Court of Appeals. The plaintiff had started an action in the state court for recovery under the Fair Labor Standards Act for overtime compensation and liquidated damages aided by attachment. Under the Ohio statutes attachment could be had under certain conditions where the claim is one "for work and labor and arises upon a contract of employment." The case was removed to the Federal Court. The defendant moved to discharge the attachment on the ground among others that the plaintiff's claim did not arise upon a contract of employment.

The Sixth Circuit Court of Appeals held that the defendant's motion to discharge the attachment was properly overruled as the claim was one "arising out of contract" both under the Ohio decisions and the Federal Court decisions.

In the case of Cunningham v. Weyerhaeuser Timber Co., D.C.Wash., 1943, 52 F.Supp. 654, the question was whether an action for recovery under the Fair Labor Standards Act rested upon a "statutory liability" or a "quasi-contract" so as to fall within the Washington two-year statute of limitation, or whether it fell within the three-year statute of limitation relating to contracts "express or implied" which are not in writing. The Court held that the action fell within the statute of limitation relating to contracts, stating on page 657 of 52 F.Supp.: " * * * that it is clearly an action for compensation, based upon an oral contract of employment, and governed, therefore, by the three-year limitation statute."

In the case of Abram v. San Joaquin Cotton Oil Co., D.C.Cal., 1942, 46 F.Supp. 969, there was invoked the California statutes of limitations which provided a three year period of limitation for a "liability created by statute," Code Civ.Proc. § 338, subd. 1, and a two year period of limitation in "an action upon a contract obligation or liability not founded upon an instrument of writing." Section 339, subd. 1. In that case the action would have been barred as an unwritten contract, but would not have been barred as a "liability created by statute." It was held that the action should be regarded as a "liability created by statute." In that case, however, the Court recognized that the liability was also contractual in nature, stating on page 975 of 46 F.Supp.: "In the present case the liability was created by statute. This is so even though the liability is of a contractual nature." The case just cited is of interest in that it deals with statutes which give a longer period of limitation for actions where the "liability is created by statute" than is given to actions on unwritten contracts, which is usually not the case.

The weight of authority both direct and indirect is to the effect that liability under the Fair Labor Standards Act is basically and essentially contractual in nature. Therefore, it is the holding of the Court in the instant case, that the plaintiff's claim is governed either by the Iowa statute of limitations relating to unwritten contracts (5 years), or by the Iowa statute of limitations relating to written contracts (10 years), and that it is not barred by Chapter 267 of the Acts of the 50th General Assembly of Iowa.

The motion of the defendant to dismiss, or in the alternative for summary judgment, is overruled and denied.