### OTT v. FREEMAN & SON, Inc.

#### Civ. No. 1370–M.

District Court, S. D. Florida, Miami Division.

Nov. 1, 1946.

J. Tillman Pearson, of Miami, Fla., for plaintiff.

Worley, Gautier & Cannon, of Miami, Fla., for defendant.

446

HOLLAND, District Judge.

The complaint in this case was filed January 30, 1946, under the provisions of the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219. By the bill of particulars it appears that the period of time for which relief is asked includes a period of time prior to January 31, 1945. The defendant moves to strike from the plaintiff's cause of action all claims for any amount of money due, which is claimed to be due for labor and work done and performed prior to January 31, 1945, on the ground that all claims for labor and work done and performed prior to January 31, 1945, are barred by the statute of limitation in and for the State of Florida according to Florida Statutes 1941; F.S.A. § 95.11(7)(b); Chapter 21892, Art. 1, Laws of Florida 1943.

The Florida statute as amended May 31, 1943, provides that suits for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime, can only be commenced within one year. Unless the Florida statute is unjustly discriminatory with reference to the rights established by the Federal Fair Labor Standards Act, under which this suit is brought, the motion to strike should be granted. Loggins et al. v. Steel Const. Co., 5 Cir., 129 F.2d 118. The distinction between the Louisiana statute involved in the Loggins case and the Iowa statute involved in Keen v. Mid-Continent Petroleum Corp., 58 F. Supp. 915, is recognized by the District Court in the Keen suit.

The Florida statute is general in its terms, and is applicable to all laws respecting the payment of wages and overtime, and embraces any Florida State laws, if any, then on the statute books, or which might thereafter be enacted, as well as the Federal Fair Labor Standards Act now on the statute books, as well as any future Federal legislation respecting the payment of wages and overtime. The Florida statute is altogether different from the South Carolina statute involved in Davis et al. v. Rockton & Rion R. R., 65 F.Supp. 67, as well as the Iowa statute involved in Republic Pictures Corp. v. Kappler, 8 Cir., 151 F.2d 543.

It is to be noted that the reference to a Federal statute in the six months limitation was included in the Iowa six months limitation, in the same manner as was made in the South Carolina statute. The Florida statute does not so refer to the Federal statute. It is also interesting to note that the Iowa law as applied and discussed in the District Court case, 58 F.Supp. 915, is not the Iowa law as applied and discussed in the Circuit Court of Appeals, 151 F.2d 543.

The motion to strike is granted.