# MASSACHUSETTS BENEFIT ASSOCIATION *v.* MILES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

No. 1380. Submitted December 1, 1890. — Decided January 19, 1891.

This court has jurisdiction over a judgment entered in a Federal Court in Pennsylvania "in favor of the plaintiff and against the defendant on the verdict," when interest on the verdict antecedent to the judgment appealed from is included in such judgment, and the amount, with the added interest, exceeds $5000.

The question of interest is always one of local law.

THIS was a motion to dismiss a writ of error upon the ground that the "matter in dispute" did not exceed the sum or value of five thousand dollars, as required by Revised Statutes, section 691, as amended by section 3 of the act of February 16, 1875, 18 Stat. 315, c. 77, to give this court jurisdiction.

Sarah G. Miles, the plaintiff below, brought an action in the

Court of Common Pleas of Philadelphia County, in the State of Pennsylvania, against the Massachusetts Benefit Association, to recover five thousand dollars, with interest, due to her as beneficiary in a policy of insurance, issued by the defendant company upon the life of her husband, John S. Miles. The insured died on January 16th, 1888. After the issue was made up, the defendant company removed the case to the Circuit Court for the Eastern District of Pennsylvania, where it was duly called for trial October 16th, 1889. Defendant set up no counter-claim, but denied all liability upon the ground that the policy had lapsed by non-payment of an assessment. Upon October 18th, the jury returned a verdict for the plaintiff, and assessed her damages at five thousand dollars.

Motion for new trial was made, and on October 31st the motion was denied, and judgment was entered in open court in the following words: "Motion for new trial denied, and judgment ordered to be entered in favor of the plaintiff, and against the defendant, on the verdict. Whereupon judgment is entered accordingly."

The defendant having taken out its writ of error, this motion was made to dismiss.

*Mr. Richard P. White* for the motion.

*Mr. Frederick Carroll Brewster, Mr. Ernest L. Tustin* and *Mr. William F. Johnson,* opposing.

Mr. JUSTICE BROWN delivered the opinion of the court.

Our jurisdiction to review this case upon writ of error depends upon the amount of the judgment, and the sole question is, whether upon the face of this record, the judgment is for five thousand dollars, or for that amount with interest from the date of the verdict. Under the peculiar practice obtaining in Pennsylvania, the judgment was not entered up for a definite amount in dollars and cents, but, generally, "in favor of the plaintiff, and against the defendant, on the verdict." As the verdict was rendered thirteen days before this entry, the amount actually due at the date of the judgment, if interest be computed upon the verdict, was $5010.83.

At common law neither verdicts nor judgments bore interest; but by Revised Statutes, section 966, "interest shall be allowed on all judgments in civil causes, recovered in a Circuit or District Court, and may be levied by the marshal under process of execution issued thereon, in all cases where, by the law of the State in which such court is held, interest may be levied under process of execution on judgments recovered in the courts of such State; and it shall be calculated from the date of the judgment, at such rate as is allowed by law on judgments recovered in the courts of such State."

Did the case rest solely upon this statute, it is difficult to see how interest could be computed upon this verdict, inasmuch as the specific allowance of interest upon judgments would seem to exclude the inference that interest should be allowed upon verdicts before judgment. But by an act of the legislature of Pennsylvania, passed in 1859, it is declared to "be lawful for any party or parties, in whose favor any verdict may be rendered for a specific sum of money, to collect and receive interest upon such sum from the date of the verdict; and every general judgment entered upon such verdict, whether by a court of original jurisdiction, or by the Supreme Court, shall be deemed and held to be a judgment for the sum found by the verdict, with interest thereon from the date of such finding." Purdon's Digest, Verdict, pl. 3.

We regard this statute as settling the question in favor of our jurisdiction. Section 966, while providing only for interest upon judgments, does not exclude the idea of a power in the several States to allow interest upon verdicts, and where such allowance is expressly made by a State statute, we consider it a right given to a successful plaintiff, of which he ought not to be deprived by a removal of his case to the Federal court. The courts of the State and the Federal courts sitting within the State should be in harmony upon this point. Both in *Holden* v. *Trust Company*, 100 U. S. 72, and in *Ohio* v. *Frank*, 103 U. S. 697, it was held that the question of interest is always one of local law. This is also recognized in the 23d Rule of this court, which allows interest upon the judgment of the inferior courts, at such rate as similar judgments

bear interest in the courts of the State where such judgment is rendered, whenever upon writ of error from this court the judgment of such inferior court is affirmed. Where interest antecedent to the judgment appealed from is included in such judgment, and the amount, with the added interest, exceeds $5000, jurisdiction will attach. *The Patapsco,* 12 Wall. 451; *The Rio Grande,* 19 Wall. 178; *Zeckendorf* v. *Johnson,* 123 U. S. 617; *District of Columbia* v. *Gannon,* 130 U. S. 227; *New York Elevated Railroad* v. *Fifth Nat. Bk.,* 118 U. S. 608; *Keller* v. *Ashford,* 133 U. S. 610.

The motion to dismiss will therefore be

*Denied.*