BRIDGE v. RING ET AL.

*Attachment—Proceedings liberally construed—Section 10214, General Code—Demand arising upon contract—Property conveyed under fraudulent inducement, deeded to third person—Defrauded party's action for value of his interest, constitutes ratification—Contract created by execution and delivery of deed—Section 11819, General Code.*

1. Under Section 10214, General Code, all proceedings relating to attachment must be liberally construed to promote objects of law and assist parties in obtaining justice.

2. Where life tenant was allegedly fraudulently induced to convey property to remaindermen by instrument represented to be lease and remaindermen thereafter conveyed property to third party, life tenant's action against remaindermen to recover difference between value of property and amount received is ratification of conveyance, and attachment for such sum is based on "demand arising on contract," within Section 11819, General Code, liberally construed as required by Section 10214.

3. As respects attachment, deed, on being executed and delivered, becomes contract.

(Decided October 25, 1926.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Smith, Baker, Effler & Eastman,* for plaintiff in error.

*Messrs. Johnson, Johnson & Farber,* and *Mr. Melvin R. Bergman,* for defendants in error.

Richards, J.  The original action was commenced in the court of common pleas by William Ring to recover the sum of $22,500, and was accompanied by an attachment against the defendant, Fred Bridge, based on the ground that he was a non-resident of the state of Ohio.  The defendant, Bridge, filed a motion to discharge the attachment on the ground that it was invalid in law.  The motion to discharge the attachment was overruled, and this proceeding in error is brought to secure a reversal of the judgment rendered on that motion.

Section 11819, General Code, provides, in paragraph 11, that:

"An attachment shall not be granted on the ground that the defendant is a foreign corporation or not a resident of this state, for any claim other than a debt or demand, arising upon contract, judgment or decree  *  *  *."

It is contended that the petition and the affidavit for attachment show that the attachment obtained in this case does not arise upon contract, judgment, or decree.

It appears from the averments of the petition that the plaintiff, William Ring, was the owner of a life estate in certain realty in the city of Toledo, and that the defendants were the owners of the property, subject to his life estate.  The plaintiff avers that the defendants began negotiating a lease of the property with an oil company, and talked with plaintiff in reference to having him lease the same for ten years to said company, and that plaintiff consented to lease the property to

such company for a ten-year period in consideration of $2,500, and so informed the defendants. Plaintiff avers that he had no dealings personally with the oil company, but relied on the representations of the defendants, and that they caused a document to be prepared which they represented to him was a lease of the property from the plaintiff to the oil company for ten years. Plaintiff avers that he is unable to read and write the English language, and that he relied on their representations that the instrument was a lease to the oil company for ten years. He avers that, so believing, he signed the instrument and was paid the sum of $2,500, and that he accepted it believing the representations of the defendants to be true, but that he thereafter learned that the document was a deed of the property to the defendants and conveyed all his interest therein to them. He avers that the defendants procured the plaintiff to sign the instrument with intent to cheat and defraud him out of his life estate in the property. The petition further avers that shortly after the execution of the deed the defendants conveyed the property to a third person. The plaintiff also avers that his life estate in the property was reasonably worth $25,000, and that he has been defrauded by the defendants to his damage in the sum of $22,500, for which he prays judgment.

It is insisted on behalf of plaintiff in error, Fred Bridge, that the judgment must be reversed and the attachment fail, for the reason that it is based solely on the fact that he (Bridge), defendant in the court of common pleas, was a nonresident of the state, and that the claim did not arise upon contract. Counsel who seek to sustain the attach-

ment rely on *Weirick* v. *Mansfield Lumber Co.,* 96 Ohio St., 386, 117 N. E., 362, and *Hart* v. *Andrews,* 103 Ohio St., 218, 132 N. E., 846.

We must approach the consideration of this question in view of the requirements of Section 10214, General Code, that all proceedings relating to attachment shall be liberally construed in order to promote the objects of the law and assist the parties in obtaining justice. The two Supreme Court decisions cited clearly illustrate the principle that the attachment laws must be liberally construed. The facts shown in the case cited from 103 Ohio St., *supra,* reveal that the plaintiff had been induced to subscribe for certain stock by means of false and fraudulent representations as to its value, and he averred he paid, by reason of these representations, the sum of $7,500, and that the stock was not in fact worth to exceed $3,500, whereas, if the representations had been true, the stock would have been worth $25,000, and he contended that, by reason of these false and fraudulent representations, he had been damaged to the extent of $21,500, for which he demanded judgment. The ground of attachment was held by the court to arise upon contract.

In the case at bar the plaintiff averred that the instrument was fraudulently represented to him to be a lease of the property for a period of ten years, whereas, in fact, it was a deed. It is urged that in the two decisions cited the contracts were voidable, but not void, and that the contract in the case at bar is absolutely void. However, the petition shows that shortly after he executed the instrument to the defendants they conveyed the property to a third person, and the plaintiff by

this action ratifies the conveyance and seeks to recover the difference between the alleged value of the property and the amount received by him. A deed, upon being executed and delivered, becomes a contract, and there can be no doubt that the plaintiff, having ratified the transaction, the title to the property passed to the grantees, and the attachment is based on a demand arising upon a contract, within the liberal interpretation to be given the statute.

*Judgment affirmed.*

WILLIAMS and YOUNG, JJ., concur.