## WILLIAM S SCULL CO, Inc v ALBANY PEANUT CO, Inc et

Ohio Appeals, 1st Dist, Hamilton Co

Decided April 11, 1938

Clark & Robinson, Cincinnati, for appellee.

Harmon, Colston, Goldsmith & Hoadley, Cincinnati, for appellant, the Albany Peanut Co.

Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, for appellant, The Merchants Cold Storage Co.

504

## OPINION

By HAMILTON, J.

William S. Scull Co., appellee here, sued out an attachment against the Albany Peanut Company, Inc., appellant in this court, and attached certain moneys, in the hands of the Merchants Cold Storage Company, belonging to said appellant.

The defendant, the Albany Peanut Company filed a motion to discharge the attachment. The first ground of the motion was abandoned by the defendant company, and the motion was heard on the second ground, which was, that the affidavit for attachment was defective in that it failed to negative specifically exceptions in the statute which would show defendant corporation not exempt from attachment proceedings. The trial court overruled the motion and this is the claimed error, for which appellants ask a reversal and judgment.

The affidavit in question, after stating the necessary allegations required by the statute contains the following:

"That said, the Albany Peanut Company, Inc., is a foreign corporation not exempt by law from attachment."

Counsel for appellant argue that this statement does not sufficiently negative the statutory exceptions. That the language "not exempt by law from attachment" is a mere legal conclusion and therefore ineffective to accomplish the purpose, and cites credible authority in support of the proposition, as well as citing many cases holding that the statutes must be strictly complied with in attachment proceedings.

While the affidavit must contain matters required by the statutes to confer jurisdiction of the court over the subject matter, the manner of stating the substance of the allegations is not jurisdictional, as no special form is required by the statute.

In the case of Weirick et v Mansfield Lumber Co., 96 Oh St 386, the court held that statutes pertaining to attachment, and the procedure incident thereto are of a remedial nature and require a liberal construction and a liberal application to the facts. §10214, GC, is to the same effect. The strictness required is as to the necessary statutory allegations required and not to the form.

The allegations in the affidavit do set up the necessary requirements of the stat-utes in the language of the statutes and the statement "not exempt by law from attachment" is not a mere legal conclusion, but may well be called a legal fact, which can be met easily by counter affidavit to the effect that the corporation is exempt if such be the fact.

Appellants strongly urge that the case of Leavitt v Rosenberg, 83 Oh St 230, fully supports their position. But it must be noted that the affidavit in the Leavitt case did not in any manner or form negative the exception. It only stated that the defendant was a foreign corporation and failed to state that it was not exempt by law from attachment. To say "not exempt by law" is no more a legal conclusion than to say that the corporation is not exempt under §11819, GC, or §§8625-3-4-5, GC, and §§178 and 183, GC. Not exempt by law means to allege as a fact that there is no law under which the defendant can be exempt under the statutes.

Our conclusion is, that the affidavit is sufficient and that the trial court did not err in overruling the motion. We are supported in this conclusion by the cases of Hockspringer v Ballenburg, 16 Ohio 304; Harrison et v Wiley et, 9 Oh St 388; and Cooper Tire & Battery Co. v Farmers' Bank & Trust Co., 29 Oh Ap 336.

The judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.