The John Canelli Co., Appellant, *v.* The Brewing Corp. of America et al.; Milby, Appellee.

(Decided February 10, 1941.)

*Mr. Edward Lamb* and *Mr. Lowell Goerlich,* for appellant.

*Messrs. Marshall, Melhorn, Davies, Wall & Bloch,* for appellee.

Lloyd, J. On March 26, 1940, The John Canelli Company as plaintiff, filed its petition in the Court of Common Pleas against The Brewing Corporation of America, Maxwell Milby and others as defendants. In this petition, two causes of action are stated, both of which are based on an alleged breach of contract between the plaintiff and the defendant brewing company, by which contract the plaintiff became the distributing agent of the products of the brewing company in Wood and Lucas counties.

The first cause of action concludes: "That by rea-

son of the acts of defendant, The Brewing Corporation of America, in terminating the agreement aforesaid, plaintiff suffered damages in the amount of $250,000.''

In its second cause of action the plaintiff alleges ''that prior to the 27th day of October 1939, said defendants individually and as representatives of the other defendants, individuals and corporations, conspired together for the purpose of injuring this plaintiff in the manner more specifically set forth hereinafter.''

Then follows a narration of the facts which it is alleged constitute the conspiracy, the purpose of which was ''to terminate the contractual relationship between plaintiff and the defendant, The Brewing Corporation of America, * * * that as a result of the conspiracy and arrangement entered into by and among the defendants as aforesaid, the defendant The Brewing Corporation of America, was induced to terminate without notice, the distribution agreement aforesaid.''

On August 15, 1940, the plaintiff filed an affidavit in attachment against Milby, a resident of Detroit, pursuant to which an attachment was levied on a tractor and semi-trailer. In the affidavit it was stated that ''plaintiff has commenced a civil action in this court against Maxwell Milby and other defendants, as defendants, on a demand arising upon contract and damage caused to property by wrongful act of the defendant Maxwell Milby, and other defendants; that said claim is just and affiant believes that the plaintiff ought to recover thereon the amount of $250,000''; and that Milby is a resident of the state of Michigan.

On motion of Milby, the attachment was discharged on September 15, 1940, on the ground that ''the action or claim of the plaintiff is not for a debt or demand arising upon contract, judgment or decree or for caus-

ing damage to property, or death or personal injuries by negligent or wrongful act.''

From that judgment of discharge the plaintiff appealed to this court on questions of law. The error assigned is ''that the court erred in finding that the action or claim of the plaintiff was not for a debt or demand arising upon contract, judgment or decree or for causing damage to property or death or personal injury by negligent or wrongful act'' and that the court erred in discharging the attachment.

To sustain this claim of error, the plaintiff contends (1) that the affidavit should be considered separate and apart from the cause of action alleged in the petition and (2) that the item ''property'' as used in the attachment statute is not limited to damages to physical property but means ''damage to property as understood in legal contemplation and common parlance.''

The statement of counsel that ''statutes of attachment are to be construed liberally for the benefit of the attaching party'' may be accepted as correct, but this does not mean that a strained construction shall be given thereto to effectuate that liberality.

One of the grounds enumerated in Section 11819, General Code, for an attachment by a plaintiff against the property of a defendant in a civil action, is that the defendant is not a resident of Ohio. By the last paragraph of this section it is provided that when nonresidence is the ground of attachment it shall not be granted ''for any claim other than a debt or demand, arising upon contract, judgment or decree, or for causing damage to property or death or personal injury by negligent or wrongful act.'' Since the nature and object of the cause of action must accord with this statutory provision, there seems to be very cogent reasons for considering the petition of the plaintiff in conjunction with the affidavit in order to. determine whether the attachment was or could be rightly

granted. Otherwise, although the affidavit might on its face be amply sufficient to warrant the remedy, the cause of action alleged in the petition upon which the affidavit is founded might be anything except one of the class in which the plaintiff could have an attachment. This would be a strange paradox not to be tolerated or sanctioned.

In the instant case, Milby, who was not a party to the alleged contract between plaintiff and the brewing company, is charged in the petition of plaintiff with having conspired with other defendants to induce the defendant brewing company to terminate the contract between it and the plaintiff, but other than that there is no claim of privity of contract or that Milby had any part or interest in the alleged contract between The John Canelli Company and the brewing company. These allegations do not state a cause of action upon a debt or demand arising upon contract or upon any of the other statutory requisites.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

OVERMYER and CARPENTER, JJ., concur.