## NORTHWESTERN YEAST CO. v. BROUTIN.

No. 9284.

Circuit Court of Appeals, Sixth Circuit.

Feb. 4, 1943.

S. Ashley Guthrie, of Chicago, Ill. (Welles, Kelsey, Cobourn & Harrington, Fred E. Fuller, and James Hodge, Jr., all of Toledo, Ohio, and Tenney, Sherman, Rogers & Guthrie and S. Ashley Guthrie, all of Chicago, Ill., on the brief), for appellant.

Lowell Goerlich, of Toledo, Ohio (Edward Lamb and Lowell Goerlich, both of Toledo, Ohio, on the brief), for appellee.

Before HICKS, ALLEN and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

This appeal involves the validity of an attachment under Sections 11819–11821, General Code of Ohio, issued in an action for overtime compensation filed under § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), 29 U.S.C.A. § 216(b). The pertinent portions of these statutes are printed in the margin.[1]

Appellee's petition was filed in the court of common pleas of Lucas County, Ohio. Appellant, a nonresident corporation, was not served with process and did not enter a general appearance. Appellee obtained the attachment of an automobile belonging to appellant, appraised at $450, and service on the Kroger Grocery & Baking Company at Toledo, Ohio, which was claimed to be indebted to appellant, as garnishee. The case was then removed to the federal court, where appellant's mo-

---

[1] General Code of Ohio.

Sec. 11819. "In a civil action for the recovery of money, at or after its commencement, the plaintiff may have an attachment against the property of the defendant upon any one of the grounds herein stated:

"1. Excepting foreign corporations which, by compliance with the law therefor, are exempted from attachment as such, that the defendant or one of several defendants is a foreign corporation;

"2. Is not a resident of this state;
* * *

"11. That the claim is for work or labor, or for necessaries.

"An attachment shall not be granted on the ground that the defendant is a foreign corporation or not a resident of this state, for any claim other than a debt or demand, arising upon contract, judgment or decree, or for causing damage to property or death or personal injury by negligent or wrongful act."

Sec. 11821. "When the ground of attachment is that the defendant is a foreign corporation, or not a resident of this state, the order may be issued without a bond. In all other cases the order shall not be issued by the clerk until a bond is executed in his office, by sufficient surety of the plaintiff * * *."

Fair Labor Standards Act of 1938.

Sec. 16(b). "Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. * * *"

630

tion to quash the attachment and garnishment was overruled. No answer being filed, the court entered judgment on the petition, pursuant to appellee's motion under Rule 55 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in the amount of $938.32, and $100 attorney's fees.

■ Appellant being in default for answer, we take the allegations of the petition as true. It states that appellant is a foreign corporation doing business in interstate commerce and that appellee was employed by appellant as promotion agent prior to October 24, 1938, the effective date of the maximum hours provision of the Fair Labor Standards Act, and that his employment continued until July 15, 1940.

It was alleged that appellee worked 72 hours each week and did not receive compensation for overtime at one and one-half times his regular rate of pay as is required by Title 29, § 207, U.S.C., 29 U.S.C.A. § 207. The affidavit required by Section 11820, General Code of Ohio, upon which the attachment issued, in addition to setting up the foregoing facts, states that the claim is one "for work and labor and arises upon a contract of employment" and that appellant "is a foreign corporation, not exempt by law from attachment, and is not a resident of this state."

Appellant contends that the court erred in denying the motion to quash for the reason (1) that no bond was filed; (2) that the claim does not arise upon contract, and (3) that the statement that the appellant "is a foreign corporation not exempt by law from attachment" is not sufficient to sustain the attachment and garnishment, and hence the court acquired no jurisdiction.

■ All of these contentions must be overruled. The fact that no bond was filed cannot invalidate the attachment if it was authorized on the ground that the appellant is a foreign corporation, for in such case Section 11821, General Code, expressly provides that the order of attachment may be issued without a bond, and we think it was properly issued on such ground.

The contention that the attachment was invalid because appellee's claim does not arise upon contract is based upon the provision of Section 11819, General Code, that an attachment shall not be granted on the ground that the defendant is a foreign corporation for any claim other than a debt

or demand arising upon contract, judgment or decree or for causing damage to property or death or personal injury by negligent or wrongful act. Upon this point appellant, while conceding that the contract of employment is collaterally involved, urges that the claim sued upon arises under the statute and is for a penalty, and hence bears none of the earmarks of contract.

■ We bear in mind that the Ohio statutes of attachment are to be construed liberally for the benefit of the attaching party. Smith v. Buck, 119 Ohio St. 101, 109, 162 N.E. 382, 61 A.L.R. 1343; Weirick v. Mansfield Lumber Co., 96 Ohio St. 386, 117 N.E. 362; Bridge v. Ring, 25 Ohio App. 149, 157 N.E. 496; Section 10214, General Code. How far the Ohio courts have gone in their liberal construction is shown by the decisions in Hart v. Andrews, 103 Ohio St. 218, 132 N.E. 846, and Bridge v. Ring, in which attachments were sustained by the court's construction that claims sounding in tort, namely, for fraudulent inducement of a contract and for fraud in the execution of a deed, arose upon contract. The plaintiff in a statutory action to recover money lost by gambling, which is in the nature of a penalty, has been held entitled to an attachment on property of a foreign corporation. Harlan v. Capital Investment Co., 11 Ohio N. P., N.S., 492.

■ Apart from the liberal construction of the attachment statute required under Ohio law, we think that this claim clearly arises upon contract. The recovery authorized by § 16(b) of the Fair Labor Standards Act does not constitute a penalty, but is considered compensation. Overnight Transportation Co. v. Missel, 316 U.S. 572, 583, 62 S.Ct. 1216, 86 L.Ed. 1682; Robertson v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285; Floyd v. DuBois Soap Co., 139 Ohio St. 520, 41 N.E.2d 393, reversed on other grounds, 63 S.Ct. 159, 87 L.Ed. ——, decided November 9, 1942. The federal statute is premised upon the existence of an employment contract and double recovery is allowed as between the parties to the contract. Cf. Canelli v. Brewing Corp. of America, 67 Ohio App. 155, 36 N.E.2d 45. Thus here the claim for overtime compensation is founded upon and is coexistent with the contract. The action for double compensation may be considered as debt or as an action for wages due under the

employment agreement. Klotz v. Ippolito, D.C., 40 F.Supp. 422; Loggins v. Steel Construction Co., 5 Cir., 129 F.2d 118. Whatever the terminology employed to describe it, it is for compensation for services rendered. Under Ohio law an action to recover for services rendered arises upon contract, either express or implied. Citizens Savings & Trust Co. v. Grossner, 17 Ohio Cir. Ct. R., N.S., 87, affirmed without opinion, 83 Ohio St. 483, 94 N.E. 1103. Within the meaning of Section 11819, a contract implied in law in Ohio is regarded as a contract. Thus attachment may issue to enforce the statutory liability of a stockholder (Dabney v. Pappenheimer Co., 20 Ohio Cir. Ct. R., 707) or the similarly imposed liability of the keeper of a bucketshop [Baker v. Morehead & Co., 7 Ohio N. P., N.S., 384]. We think that the question as to whether this claim constitutes one arising out of contract within the meaning of the Ohio statute is to be governed by Ohio law; but the appellant's position is not strengthened if we consider the question as one controlled by federal law, for under the federal decisions the statutory obligation contained in the Fair Labor Standards Act is read into and becomes a part of every employment contract between an employer and employee subject to the terms of the Act. The liability is for the wages due employees under working agreements which the federal statutes require employer and employee to make. Loggins v. Steel Construction Co., supra, at page 120. Hence we conclude that the appellee rightly had recourse to the remedy of attachment.

The affidavit is sufficient. While the general rule is that allegations in such affidavits must state facts instead of legal conclusions [Taylor v. Crow Motor Car Co., 16 Ohio N. P., N.S., 557], and that the want of sufficient allegations of fact is fatal (Cf. Leavitt & Milroy Co. v. Rosenberg Bros. & Co., 83 Ohio St. 230, 93 N.E. 904), the statement here that appellant is a foreign corporation not exempt by law from attachment is an allegation of fact. In the Leavitt case the allegation considered was simply that the defendant was a foreign corporation. This plainly was not sufficient. The present allegation, while superficially similar, is neither in words nor in substance identical with the allegation in Taylor v. Crow Motor Car Co., supra, relied on by appellant, where the averment was that the defendant "is a foreign corporation and is not exempt from attachment as such." The present allegation by reference negatives the exceptions established in the statute and makes unnecessary a detailed description of them. William S. Scull Co. v. Albany Peanut Co., 60 Ohio App. 42, 19 N.E.2d 288.

We agree with appellant that the court erred in entering a general personal judgment and in not limiting its effectiveness to the attached property or the value thereof. Oil Well Supply Co. v. Koen, 64 Ohio St. 422, 60 N.E. 603. In a similar situation, there being no personal service or general appearance, this court held that the entry of a general personal judgment was erroneous. Salmon Falls Mfg. Co. v. Midland Tire & Rubber Co., 6 Cir., 285 F. 214, 215.

The judgment should be amended so as to make it clear that it is to be satisfied from the attached property or funds in the hands of the garnishee, and that appellant is not bound thereby as upon a personal judgment. Salmon Falls Mfg. Co. v. Midland Tire & Rubber Co., supra. To enable such amendment, the judgment is reversed and the case is remanded with directions to enter a new judgment not inconsistent with this opinion. The appellee will recover his costs in this court.