## RIGOPOULOS et al. v. KERVAN.

District Court, S. D. New York.
Nov. 29, 1943.

Charles R. Katz, of New York City, for plaintiffs.

Alger, Peck, Andrew & Rohlfs, of New York City (Frederick H. Rohlfs and Lewis F. X. Cotignola, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

This is a motion under Rule 60(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to compel the clerk of the court to amend a judgment rendered in this court February 18, 1943, affirmed November 15, 1943, by the Circuit Court of Appeals, 140 F.2d 506, as to eight of the plaintiffs and slightly modified as to two of them, by including average interest on all ten awards herein.

The action was brought under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., for unpaid liquidated damages as to eight of the plaintiffs, and for unpaid overtime wages plus liquidated damages for the remaining two plaintiffs, Dounetas and Vangelakos. A judgment was rendered for all ten plaintiffs, but the judgment did not include interest. The interest sought is for average interest, i. e., interest from a date (November 29, 1939) midway in the period of employment herein involved (October 24, 1938 to January 1, 1941).

The amounts for which judgment was rendered were based upon a stipulation at the trial as to the amount already paid for overtime as to eight of the plaintiffs. The amount due them for liquidated damages would be for a similar amount. The amount due the other two plaintiffs for both overtime and liquidated damages was contested and the amount found by the trial court was slightly modified by the Circuit Court of Appeals.

It is urged by the defendant that the statutory language authorizing liquidated damages does not provide for in-

830

terest, and that to add interest would be to amend or modify the stipulation at the trial. I cannot agree with defendant's contention. . The stipulation did not contain a consent to judgment and a waiver of interest. It merely stipulated a fact— the amount which had been paid as overtime in the case of eight plaintiffs. Plaintiffs still had to show their right to a recovery. This is clear from a statement made by the attorney for the defendant to the trial court:

"The Court: You are stipulating the facts there.

"Mr. Cotignola: That is right. We stipulated the amount which will be found due in the judgment, if the plaintiff is successful.

"The Court: And you are doing that because you are stipulating the fact that they worked overtime.

"Mr. Cotignola: Yes, sir."

 An action under Section 16(b) of the Act is an action for breach of contract, even as to the liquidated damages. Both the overtime wages and the liquidated damages are considered as compensation for services rendered, under the contract implied under the act. Northwestern Yeast Co. v. Broutin, 6 Cir., 133 F.2d 628; Overnight Motor Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682.

The question of interest is a matter of local law. Massachusetts Benefit Ass'n v. Miles, 137 U.S. 689, 11 S.Ct. 234, 34 L.Ed. 834; Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L. Ed. 1477. Section 480 of the Civil Practice Act is mandatory. McLaughlin v. Brinkerhoff, 222 App.Div. 458, 226 N.Y.S. 623.

In Campbell v. Mandel Auto Parts Corp., 6 Wage-Hour R'pts. 435, the court held: "By reason of the fact that the unpaid overtime compensation and additional equal amount, under the Act, are considered in the aggregate as compensation under the contract implied under the Act, interest upon the total amount in the case of each plaintiff must be computed and added, under the mandatory provisions of section 480 of the Civil Practice Act."

See Emerson v. Mary Lincoln Candies Inc., 174 Misc. 353, at page 356, 20 N. Y.S.2d 570, affirmed 261 App.Div. 879, 26 N.Y.S.2d 489, and 287 N.Y. 577, 38 N.E. 2d 234. Also, O'Neil v. Brooklyn Sav-ings Bank, 180 Misc. 542, 43 N.Y.S.2d 25.

The failure to include interest in a judgment may be corrected as an oversight or omission. Rule 60(a) Federal Rules of Civil Procedure. Stentor Elec. Mfg. Co. v. Klaxon, D.C., 30 F.Supp. 425, at page 432. Also, see Quinn v. Sigretto, 229 App.Div. 727, 241 N.Y.S. 835, appeal dismissed 253 N.Y. 561, 171 N.E. 783.

This motion is accordingly granted. An order should be entered directing that the judgment of this court rendered herein on February 18, 1943, be amended by adding the words "with interest from November 29, 1939," after the amounts awarded in each of the ten paragraphs of the judgment which award to the respective plaintiffs severally judgment for specific sums.

Settle order on notice.