**JOSEPH E. BENNETT CO., Inc.,**
**Defendant, Appellant,**

**v.**

**TRIO INDUSTRIES, INC., Plaintiff,**
**Appellee.**

**No. 5906.**

United States Court of Appeals
First Circuit.

Heard March 6, 1962.

Decided Aug. 8, 1962.

Harold M. Linsky, Boston, Mass., with whom Arthur E. Nicholson, Boston, Mass., was on brief, for appellant.

Donal O'Callaghan, Boston, Mass., for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

The plaintiff-appellee, a New York corporation with its principal place of business in Connecticut, filed an action in the court below sounding in contract against the defendant-appellant, a Massachusetts corporation with its principal place of business in Brookline in that Commonwealth. The action is stated in two counts. In the first count the plaintiff alleges its performance according to specifications of a contract entered into with the defendant to furnish the aluminum curtain wall system of the St. Lawrence Seaway Administration Building in Massena, New York, which the defendant as prime contractor had agreed to construct for the Corps of Engineers of the United States Army, and seeks to recover an unpaid balance alleged to be due under the contract of $4,124.66. In the second count the plaintiff alleges the defendant's breach of the contract, primarily by failing to provide "prepared openings" for the curtain wall the plaintiff had agreed to build, thereby causing the plaintiff additional expense in performing its subcontract in the amount of $6,500, subsequently increased by amendment to $7,401.50.

The defendant answered and counterclaimed for breach of contract by the plaintiff, originally in the amount of $12,120.12 but later raised by amendment to $18,770, and moved without supporting proofs to dismiss the plaintiff's complaint for lack of jurisdiction on the ground that the amount actually in controversy was less than $10,000. The court denied the motion to dismiss and after trial without a jury found for the plaintiff in the amount of $4,124.66 on the first count and $1,697.49 on the second. It entered a judgment for the plaintiff in the combined amounts, $5,882.15 with costs, subsequently amended on motion to include interest from June 3, 1958 in the amount of $1,004.32, and the defendant appealed.

At the outset we are confronted with two jurisdictional questions. One is the question of federal jurisdiction; the other is whether this court has appellate jurisdiction in view of the fact that no judgment was entered on the defendant's counterclaim.

The claims made in the counts are not overlapping and together they add up to more than $10,000. And under applicable federal law the sum claimed by a plaintiff in his complaint controls unless on the face of the pleadings themselves or from proofs the court is satisfied "to a legal certainty" that the plaintiff was never entitled to recover the amount claimed and therefore that his allegation of amount in controversy was colorable for the purpose of conferring jurisdiction. A plaintiff's inability to recover an amount sufficient to give

federal jurisdiction does not show a plaintiff's bad faith or oust the jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). For affirmation of the foregoing principles see Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961).

■ On its face the plaintiff's complaint shows an amount in controversy adequate for federal jurisdiction. And the defendant adduced no proof whatever that actually less than the jurisdictional amount was involved. On the allegations of the complaint alone without reference to the counterclaim the court below correctly denied the defendant's motion to dismiss for lack of jurisdiction.

■ Our appellate jurisdiction hinges upon the interpretation of Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C. which provides:

"Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

There has been no formal adjudication of the defendant's counterclaim and there has been no express determination and direction under the above Rule. Therefore, strictly speaking, the judgment entered for the plaintiff in this case does not dispose of all claims for relief and so is not a "final decision" with-

in the meaning of Title 28 U.S.C. § 1291. But the judgment for the plaintiff rests upon the finding that it had not broken its contract with the defendant which is the issue tendered by the defendant's counterclaim. Thus all claims presented have actually been decided. All that is lacking is a formal "final decision," i. e. the entry as a ministerial act of a formal judgment of dismissing the defendant's counterclaim. Under these circumstances, following the reasoning of Judge Clark in General Time Corp. v. Padua Alarm Systems, Inc., 199 F.2d 351, 358 (C.A.2, 1952), cert. denied, 345 U.S. 917, 73 S.Ct. 728, 97 L.Ed. 1351 (1953), we hold that the judgment entered for the plaintiff is a "final decision" appealable under § 1291, supra.

The factual issues posed by the action and the counterclaim were fully developed and explored at the trial. And the court below made full findings of fact on every one of them. No object would be served by stating the case in detail. It will suffice to say that a careful study of the record discloses adequate evidentiary basis for the findings made and that the findings dispose of every factual issue necessary for decision. There was no clear error in the findings of fact. Rule 52(a), Fed.R.Civ.P.

Nor was there any harmful error in the court's rulings on the admission and exclusion of evidence. Whatever errors there might have been were at the most technical. They could not have affected any substantial right of the defendant. See Rule 61, Fed.R.Civ.P.

■ There was no error in the court's award to the plaintiff of prejudgment interest from June 3, 1958, the date of maturity of the defendant's contractual obligation to pay the plaintiff the balance due. The long-established rule is that the question of interest prior to judgment is always one of state law. Massachusetts Benefit Association v. Miles, 137 U.S. 689, 691, 11 S.Ct. 234, 34 L.Ed. 834 (1891). And to determine what state law to apply we look to the law of Massachusetts. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S.

487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Counsel for the appellant gives us no assistance wherefore we assume that Massachusetts follows the general rule given in Restatement of the Law, Conflict of Laws § 418 (1934) as follows: "The rate of interest allowed as part of the damages for the breach of a contract is determined by the law of the place of performance." The place of contract performance being in the State of New York we must have reference to the law of that state but again appellant's counsel offers no proof of the law of that jurisdiction. In this situation we presume that the New York rule is the same as the common-law rule in effect in Massachusetts, Sylvania Electric Products, Inc., v. Barker, 228 F.2d 842, 851 (C.A.1, 1955), cert. denied, 350 U.S. 988, 76 S.Ct. 475, 100 L.Ed. 854 (1956), and the rule there appears to be that a plaintiff is entitled to interest by way of damages when money has not been paid when due. Winchell v. Plywood Corp., 324 Mass. 171, 85 N.E.2d 313 (1949). Indeed, the law of New York would appear to be the same from § 480 of the New York Civil Practice Act quoted in footnote 1 at page 495 of the opinion in the Klaxon Co. case, supra, which reads in pertinent part as follows: "In every action wherein any sum of money shall be awarded by * * * decision upon a cause of action for the enforcement of * * * a contract * * * interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated and shall be added to and be a part of the total sum awarded." There was no error in the court's award of interest.

■ We are most unfavorably impressed by the appellant's further contention that the court below exhibited an attitude of prejudice and was guilty of prejudging the case in favor of the plaintiff, for the contention rests upon the wholly inadequate basis of unfavorable rulings and findings of fact based upon the testimony of the plaintiff's expert witnesses instead of upon that of the experts called by the defendant. It is always proper for an appellant to show that the trial judge was guilty of partiality or of any other judicial impropriety relevant to his decision. Phelan v. Middle States Oil Corp., 220 F.2d 593, 600 (C.A.2, 1954), cert. denied, sub nom Cohen v. Glass, 349 U.S. 929, 75 S.Ct. 772, 99 L.Ed. 1260 (1955). And this court in the past has not passed lightly over such contentions when properly supported. Crowe v. Di Manno, 225 F.2d 652, 655 et seq. (C.A.1, 1955). But it has rejected them when baseless as in this case. Melori Shoe Corp. v. Pierce & Stevens, 249 F.2d 305 (C.A.1, 1957). The charge of judicial misconduct is a serious one indeed. It is never supported by mere reference to adverse rulings and findings, Knapp v. Kinsey, 232 F.2d 458, 466 (C.A.6, 1956), cert. denied, 352 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86 (1956), and when unsupported the charge boomerangs. Counsel would be very well advised not to make unsubstantiated charges of judicial misconduct.

Judgment will be entered affirming the judgment of the District Court.