**Ronald L. NICHOLS, Plaintiff,**

v.

**T.I.M.E.—D.C., INC., a corporation, and Liberty Mutual Insurance Company, a corporation, Defendants.**

Civ. No. 72–64.

United States District Court,
E. D. Oklahoma,
Civil Division.

July 10, 1973.

Kay Wilson, Jr., Muskogee, Okl., for plaintiff.

B. W. Tabor, Tulsa, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

The Court has under consideration Plaintiff's Motion To Determine Wheather (sic) Judgment Bears Interest. Plaintiff claims entitlement to interest from the date this action was commenced until the date of the jury verdict at the rate of 6% per annum and interest from the date of judgment until paid at the rate of 10% per annum, both interest rates being calculated on the sum of $800,000.00. Defendants oppose the Motion claiming Plaintiff is entitled to no interest on the above sum. The dispute has been briefed by both sides and is ready for decision.

This action was commenced on March 13, 1972. On November 1, 1972 a general jury verdict was rendered in favor of the Plaintiff in the amount of $1,511,078.06. As authorized by Rule 58, Federal Rules of Civil Procedure, the Court on said date directed the Clerk not to enter judgment on said verdict. On November 9, 1972, Defendants filed a Motion For New Trial. On November 13, 1972 the Clerk entered judgment on the aforesaid general verdict of the jury at the direction of the Court. After calling for a Response to the Defendants' Motion For New Trial, studying the briefs submitted by both sides, accomplishing research and hearing oral arguments on Defendants' Motion For

New Trial, on April 11, 1973 the Court entered an Order granting Plaintiff twenty days in which to file a remittitur of that amount of the verdict in excess of $800,000.00 or the Court would grant Defendants' Motion For New Trial. On April 30, 1973 Plaintiff filed a remittitur and on the same date Defendants tendered to Plaintiff the sum of $800,000.00. The tender was not accepted because of a dispute between the parties about interest on said amount. But on May 4, 1973 Plaintiff accepted $800,000.00 from the Defendants reserving or excepting Plaintiff's claims for interest. It is this reserved or excepted issue of interest which the Court is now considering.

■ ■ This is a diversity case. Therefore State law governs the award of interest. Texaco, Inc. v. Lirette, 410 F.2d 1064 (Fifth Cir. 1969); Woodmont, Inc. v. Daniels, 290 F.2d 186 (Tenth Cir. 1961). 28 U.S.C. § 1961[1] relates only to interest recoverable on a judgment itself and has nothing to do with the question of whether pre-judgment interest should be allowed. Louisiana & Arkansas Railway Co. v. Export Drum Co., 359 F.2d 311 (Fifth Cir. 1966). Also see Massachusetts Benefit Association v. Miles, 137 U.S. 689, 11 S. Ct. 234, 34 L.Ed. 834 (1891). It has been held that a State law allowing pre-judgment interest is substantive and not procedural and binds federal courts in diversity cases under *Erie*. New Amsterdam Casualty Co. v. Soileau, 167 F.

2d 767 (Fifth Cir. 1948); Glens Falls Ins. Co. v. Danville Motors, Inc., 333 F. 2d 187 (Sixth Cir. 1964).

■ The State of Oklahoma has provided for pre-judgment interest in personal injury cases. 12 Oklahoma Statutes § 727 in this connection provides:

> "2. When a verdict for damages by reason of personal injuries is accepted by the trial court, the court in rendering judgment shall add interest on said verdict at the rate of six percent (6%) per annum from the date the suit was commenced to date of verdict."

■ Contrary to the assumption of Defendants the Court did accept the general verdict of the jury within the meaning of the above Oklahoma Statute.[2] The only reason the Court ordered the Clerk not to enter judgment on the general verdict when the same was returned was because of the Court's uncertainty at the time as to whether such action would have any bearing on the Court's authority to call for a remittitur if such was deemed appropriate. When after research the Court found that the entry of a judgment would not prevent such judicial action, if deemed appropriate, the Clerk was directed to enter judgment on the verdict. In the meantime the Defendants filed their Motion For New Trial. Defendants were not required to file this Motion when they did or before the Court ordered entry of judgment on the verdict. Rule

1. Which reads as follows:
   "Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law."

2. Though of the opinion when the verdict was returned that the same could be considered excessive, the Court was aware of no trial errors and would not have disturbed the verdict had the same been acceptable to

the Defendants. It was, of course, necessary in these circumstances that at some time the Court should direct the entry of a judgment as provided by Rule 58, Federal Rules of Civil Procedure, subject to all further appropriate consideration of the case including appellate consideration. This is to say that the Court did accept the verdict of the jury subject to the rights of the Defendants to seek a new trial, seek judgment n. o. v., the right to call for a remittitur, the right to appeal and any other rights provided by law. The Court did order the Clerk to enter judgment on the verdict. This constituted acceptance of the verdict within the meaning of the Oklahoma Statute above quoted.

59, Federal Rules of Civil Procedure, provides that a motion for a new trial shall be served not later than ten days after the entry of the judgment.

Defendants' arguments and cases about when a judgment becomes final under Oklahoma law are not relevant. 12 Oklahoma Statutes § 727 provides for prejudgment interest when the Court accepts the verdict and renders judgment thereon. In entering judgment in this diversity case, this Court must follow the Federal Rules of Civil Procedure. 12 Oklahoma Statutes § 727 does not provide for prejudgment interest only on final judgments. It plainly provides for interest on a judgment rendered on a jury verdict. Under federal procedure, judgment is entered on a jury verdict as provided by Rule 58, Federal Rules of Civil Procedure. It would then draw prejudgment interest under Oklahoma law as to all or any part becoming final.

■ Defendants attack 12 Oklahoma Statutes § 727 as being unconstitutional in that it takes property without due process of law. However, Defendants cite no cases in support of this position. The Annotation: "Recovery of Prejudgment Interest on Wrongful Death Damages," 96 A.L.R.2d 1104, and particularly Sec. 12 at page 1127, indicates that a New York prejudgment interest statute has been held valid. There is no mention of this type statute being held unconstitutional in the Annotation and the many cases reported therein. Colorado has a similar statute providing for interest on personal injury actions from the date of the filing of the complaint (if requested) and such interest has been allowed by the courts in the cases of: Callaham v. Slavsky, 153 Colo. 291, 385 P.2d 674 (1963) and Kinsella v. Leonard, 415 F.2d 574 (10th Cir. 1969).

This contention is believed to be lacking in merit.

■ Defendants also contend that 12 Oklahoma Statutes § 727 conflicts with 23 Oklahoma Statutes § 6.[3] 23 Oklahoma Statutes § 6 was enacted first (1910). It is general in character. 12 Oklahoma Statutes § 727 as to paragraph 2 thereof was enacted later (1971). Paragraph 2 thereof is special, not general as claimed by Defendants, and therefore prevails over 23 Oklahoma Statutes § 6 in those instances of unliquidated damages in cases involving personal injuries.

The subject of special and general statutes was gone into in depth in the case of Reubin v. Thompson, 406 P.2d 263 (Okl.1965) where the Court stated:

"A statute which is enacted for the primary purpose of dealing with a particular subject, and which prescribed the terms and conditions of that particular subject matter, prevails over a general statute which does not refer to the particular subject matter, but does contain language which might be broad enough to cover the subject matter if the special statute was not in existence."

"Where there are two provisions of the statutes, one of which is special and particular and clearly includes the matter in controversy, and where the special statute covering the subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject matter, and that the general statute does not apply."

The provisions of 12 Oklahoma Statutes § 727 specifically relate to "a verdict for damages by reason of personal injuries" and is a "special" statute as to

---

3. Which reads: "6. Interest upon damages Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt." R.L.1910, § 2848

the subject matter of a personal injury lawsuit.

The provisions of 23 Oklahoma Statutes § 6 is not limited to personal injury lawsuits but would cover such lawsuits and many other types of lawsuits. It is a "general" statute as to personal injury lawsuits.

The Court therefore concludes that the Plaintiff is entitled to interest from the date the suit was commenced on March 13, 1972 until the verdict of the jury was returned on November 1, 1972 at the rate of 6% per annum as provided by controlling Oklahoma law.

The Court further concludes pursuant to 28 U.S.C. § 1961 (see note 1, supra) and 12 Oklahoma Statutes § 727[4] that Plaintiff is entitled to interest from the date judgment was entered herein on November 13, 1972 until the same was paid at the rate of 10% per annum.

Finally, the Court concludes that both prejudgment and postjudgment interest are due Plaintiff on the sum of $800,000.00. The Court has found no case that involves the matter of interest on a reduced judgment accomplished by the process of remittitur but it has been held that when a judgment has been reduced on appeal, interest runs on the reduced amount from the date of the original judgment. United States v. Michael Schiavone & Sons, Inc., 450 F.2d 875 (First Cir. 1971); 30 Am.Jur., Interest, § 46, p. 40. It appears reasonable, logical and proper therefore to hold by analogy that Plaintiff's entitlement to interest as aforesaid should apply to the amount of the judgment as it was herein reduced through remittitur.

Counsel for Plaintiff will prepare an appropriate supplemental judgment on this reserved issue based on the foregoing, present the same to opposing counsel and then to the Court for signature and entry herein.

4. Which provides in part:
   "All judgments of courts of record shall bear interest, at the rate of ten percent

(10%) per annum, from the date of rendition, * * * "