AMERICAN ANODCO, INC., et al., Plaintiffs,

v.

REYNOLDS METALS COMPANY, a Delaware corporation, Defendant.

No. G80–119 CA.

United States District Court, W.D. Michigan, S.D.

Jan. 4, 1983.

Thomas J. Heiden, Varnum, Riddering, Wierengo & Christenson, Grand Rapids, Mich., for plaintiffs.

Richard A. Kay, Schmidt, Howlett, Van't Hof, Snell & Vana, Grand Rapids, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This was a breach of contract action which was tried before a jury which rendered a verdict in favor of the plaintiff for $1,594,855.00. A judgment in that amount was entered on May 11, 1982. On November 24, 1982, the Court denied defendant's motion for judgment n.o.v., new trial, and remittitur.

There are now pending two issues which have arisen since trial. First, there is a dispute as to how interest on the judgment is to be computed. Second, plaintiff has filed a motion for sanctions and an order of contempt against the defendant as a result of longstanding discovery disputes.

### A. INTEREST

■ In diversity actions, interest on the judgment, including prejudgment interest, is allowed if available under state law. 28 U.S.C. § 1961; *Massachusetts Benefit Assoc. v. Miles,* 137 U.S. 689, 11 S.Ct. 234, 34 L.Ed. 834 (1891). Under Michigan law, the applicable statute states, in relevant part:

(1) Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section.

(2) For complaints filed before June 1, 1980, in an action involving other than a written instrument having a rate of interest exceeding 6% per year, the interest on the judgment shall be calculated from the date of filing the complaint to June 1, 1980 at the rate of 6% per year and on and after June 1, 1980 to the date of satisfaction of the judgment at the rate of 12% per year compounded annually.

M.C.L.A. § 600.6013. This statute is remedial in nature and is to be liberally construed in order to effectuate its purpose. M.C.L.A. § 600.102; *Denham v. Bedford,* 407 Mich. 517, 287 N.W.2d 168 (1980).

The dispute in this matter focuses on three questions.[1] First, is the interest at the six per cent rate to be compounded annually? Second, is the "anniversary date" on which the interest is to be compounded the date on which the complaint was filed or June 1? Third, should the damage award be apportioned, for the purpose of computing the interest, over the twenty-six months between the filing of the complaint and the entry of judgment?

Prior to the 1980 amendment, § 600.6013 set the statutory interest rate at six per cent. This had been construed as being simple, not compound, interest. *Schwartz v. Piper Aircraft Corp.,* 90 Mich.App. 324, 282 N.W.2d 306 (1979). The 1980 amendment raised the interest rate to twelve per cent compounded annually. A question remains as to whether the 1980 amendment required compound interest at the six per cent rate.

■ The purpose of interest is to "recompense the prevailing party for the delay in payment of the money damages determined and to put back in his pocket some of the expense he incurs in instituting and prosecuting an action." *Waldrop v. Rodery,* 34 Mich.App. 1, 4, 190 N.W.2d 691 (1971), *cited in Denham v. Bedford,* 407 Mich. at 532, 287 N.W.2d 168. The compounding of interest from the date of the filing of the complaint would better effectuate this purpose.[2] *See Bass v. Spitz,* 522 F.Supp. 1343, 1355 (E.D.Mich.1981). In addition, because the language of § 600.6013 calls for interest on the *judgment* to run from the date of filing of the complaint, it is the opinion of the Court that the interest shall be calculated based on the entire damage award, which should not be apportioned.

### B. DISCOVERY DISPUTE

■ This dispute centers around the failure of the defendant to comply with a dis-

---

1. Plaintiff also seeks precomplaint interest running from the date of the breach of the contract. This was a matter within the province of the jury, however, and would correctly have been awarded as part of the damages by the jury. It is not for the Court to award it at this time. *See, e.g., Vannoy v. City of Warren,* 26 Mich.App. 283, 182 N.W.2d 65 (1970), *aff'd,* 386 Mich. 686, 194 N.W.2d 304 (1972).

2. For this reason, the artificial anniversary date of June 1, 1980 is inappropriate.

covery request and a subpoena which sought documents relating to the contract which was the subject matter of this action. Plaintiff now seeks to have this Court apply sanctions pursuant to Rule 37 and to hold the defendant in contempt pursuant to Rule 45.[3]

Although certain documents were not produced at the deposition of George Monie, the Court is not of the opinion that there was willful misconduct on the part of the defendant or conduct so egregious as to warrant the imposition of sanctions. Therefore, the request for sanctions is denied.

See also, D.C., 572 F.Supp. 909.

**3.** By means of a single document dated March 25, 1980, plaintiff noticed the deposition of George Monie and requested that he bring with him certain documents. Plaintiff refers to this as a document request *and* a subpoena—violation of which could render defendant liable for both sanctions and an order of contempt. Defendant, on the other hand, refers to it as a subpoena duces tecum—violation of which could only render defendant liable for a finding of contempt. Particularly in light of the fact that the document is entitled "Notice to Take Deposition," the Court is of the opinion that it is a notice of deposition accompanied by a request for documents filed pursuant to Fed.R. Civ.P. 30(b)(5), and not a subpoena. The issuing of an order of contempt would therefore be inappropriate.