NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0076n.06

No. 10-5927

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Jan 20, 2012***

LEONARD GREEN, Clerk

L-S INDUSTRIES, INC.,                                     )
                                                         )          ON APPEAL FROM THE
    Plaintiff/Counter-Defendant/Appellee          )          UNITED STATES DISTRICT
                                                         )          COURT FOR THE EASTERN
v.                                                       )          DISTRICT OF TENNESSEE
                                                         )
J. CHRISTOPHER MATLACK,                                   )                 O P I N I O N
                                                         )
    Defendant/Counter-Plaintiff/Appellant        )
                                                         )
v.                                                       )
                                                         )
WILLIAM HUGHES                                           )
                                                         )
    Counter-Defendant/Appellee                   )


BEFORE:    MOORE and GRIFFIN, Circuit Judges; and QUIST, Senior District Judge.[*]

    Quist, District Judge.

## I. BACKGROUND

After a four-day jury trial, the jury found that Defendant Matlack had breached his fiduciary

duty of loyalty to his former employer, Plaintiff L-S Industries ("LSI"), and awarded LSI $131,500.

The jury also found that LSI and Counter-Defendant William Hughes, President of LSI, had

breached the contract according to which Matlack received his bonus compensation. The jury

---

[*]Honorable Gordon J. Quist, United States Senior District Judge for the Western District of
Michigan, sitting by designation.

awarded Matlack $130,500 for his breach of contract counter-claim. The district court denied Matlack's motion for prejudgment interest on his $130,500 jury award. (R. 123.) The sole issue on appeal is whether the district court abused its discretion in denying Matlack prejudgment interest on his breach of contract award.

## II. ANALYSIS

The district court had subject matter jurisdiction in this diversity case pursuant to 28 U.S.C. § 1332. "There is no dispute that in a diversity action the question of prejudgment interest must be determined under state law." *Daily v. Gusto Records, Inc.*, 14 F. App'x 579, 591 (6th Cir. 2001) (citing *Mass. Benefit Ass'n v. Miles*, 137 U.S. 689 (1891)).

The award of prejudgment interest is within the sound discretion of the trial court, and the decision will not be disturbed upon appellate review unless the record reveals a manifest and palpable abuse of discretion. *Engert v. Peerless Ins. Co.*, 382 S.W.2d 541, 550-51 (Tenn. Ct. App. 1964); *see also Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 333 (6th Cir. 2007) and *Sparton Tech. Inc. v. Util-Link, LLC*, 248 F. App'x 684, 693 (6th Cir. 2007) (applying Tennessee law). "Generally stated, the abuse of discretion standard does not authorize an appellate court to merely substitute its judgment for that of the trial court." *In re Estate of Ladd*, 247 S.W.3d 628, 645 (Tenn. Ct. App. 2007) (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998)). "A trial court acts within its discretion when it applies the correct legal standard and reaches a decision that is not clearly unreasonable." *Bogan v. Bogan*, 60 S.W.3d 721, 733 (Tenn. 2001).

First, the district court identified the correct legal standard. The Tennessee Supreme Court in *Myint* articulated the following standard regarding the award of prejudgment interest:

Several principles guide trial courts in exercising their discretion to award or deny

2

prejudgment interest. Foremost are the principles of equity. Tenn. Code Ann. § 47-14-123. **Simply stated, the court must decide whether the award of prejudgment interest is fair, given the particular circumstances of the case**. In reaching an equitable decision, a court must keep in mind that the purpose of awarding the interest is to fully compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled, not to penalize a defendant for wrongdoing.

*Myint*, 970 S.W.2d at 927 (citations omitted) (emphasis added); *see also* Tenn. Code. Ann. § 47-14-123 (authorizing trial courts to award prejudgment interest "in accordance with principles of equity"). Moreover, "[t]rial courts are afforded a great deal of discretion and are entitled to deference regarding the determination of whether to award prejudgment interest." *Int'l Flight Ctr. v. City of Murfreesboro*, 45 S.W.3d 565, 573 (Tenn. Ct. App. 2000) (citations omitted).

Second, the district court applied this principle in a reasonable manner; the record certainly does not reveal a manifest and palpable abuse of discretion. In accord with *Myint*, the district court said that under the "particular circumstances" of this case it would be "unfair" to award prejudgment interest to Matlack because, given the jury award, Matlack did not need to be more "fully compensated." Moreover, under the circumstances, awarding Matlack prejudgment interest would "penalize" LSI, rather than more fully compensate Matlack. These are entirely reasonable assertions given the jury's findings and overall decision to award LSI more money than Matlack. In sum, the district court exercised its discretion by weighing the equities of the case to decide that prejudgment interest would be unfair in this instance.

Matlack's arguments that the district court applied the incorrect legal standard are unavailing. First, in *Scholz v. S.B. International, Inc.*, 40 S.W.3d 78 (Tenn. Ct. App. 2000), the court gave three examples where prejudgment interest may be inappropriate, but it did not limit a court's ability to deny prejudgement interest in only those three circumstances. *Id.* at 83 ("Prejudgment interest may

3

at times be inappropriate *such as . . . .*" (emphasis added)).  Indeed, the three circumstances in *Myint* do "not represent an all inclusive list of the reasons that could justify a court's denial of prejudgment interest." *Story v. Lanier*, 166 S.W.3d 167, 182 (Tenn. Ct. App. 2004).  Second, Matlack's argument that the district court applied a Tennessee Rule of Civil Procedure simply because the district court used the words "prevailing parties" is conjecture.  As discussed, the district court applied *Myint*, which is still the controlling substantive law in Tennessee on this matter.

### III.  CONCLUSION

The district court did not abuse its discretion by denying Matlack prejudgment interest. Therefore, the district court is **AFFIRMED**.